# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERNDISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA GOEHRS, in her capacity as Temporary Trustee of the Holi Ann Hardin Trust No. 1,** et al. | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action Number** **26-cv-02743** |
| | § | |
| **DAKOTA FONTENOT,** **MADISON FONTENOT, et al.,** | § § | **(Jury Demanded)** |
| **Defendants.** | § § | |

### DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT COURT OF THE VIRGIN ISLANDS PURSUANT TO 28 U.S.C. § 1404(a)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Madison Fontenot files this Motion to Transfer Venue and would respectfully show the Court as follows:

I. INTRODUCTION

This litigation arises from a trust dispute involving United States Virgin Islands ("USVI") entities receipt of funds from Madison Fontenot. For the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the District Court of the Virgin Islands. As the claims raise

substantial issues of Virgin Island corporate law, all Defendants are located in the Virgin Islands, the Plaintiff (Linda Goehrs) is likely not a proper party as she resigned as Trustee of the Trust, the case should be transferred to the US Virgin Islands.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The Fifth Circuit applies a multi-factor test, balancing private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

## III. ARGUMENT

### A. The District Court of the Virgin Islands is a Venue Where the Action Might Have Been Brought.

A case "might have been brought" in a district where venue is proper and the court has jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Venue is proper in the USVI because the Defendants reside there and a "substantial part of the events or omissions giving rise to the claim"—specifically the formation of USVI entities and the alleged transfer of assets into USVI property—occurred there. 28 U.S.C. § 1391(b)(1)-(2).

### B. *Private Interest Factors Weigh Heavily in Favor of Transfer.*

The Fifth Circuit considers: (1) relative ease of access to sources of proof; (2) availability of compulsory process; (3) cost of attendance for willing witnesses; and (4) all other practical problems. *Volkswagen*, 545 F.3d at 315.

The sources of proof bode in favor of USVI.  Documentation concerning the transactions is generally available in either, except to the extent banking or real estate information is needed.  Non-party witnesses—including USVI bank officials and real estate agents involved in the Emerald Island transactions—reside in St. Thomas. Key non-party witnesses—including USVI bank officials and real estate agents involved in the Emerald Island transactions—reside in St. Thomas. These witnesses are outside this Court's 100-mile subpoena power under Fed. R. Civ. P. 45 but are within the absolute subpoena power of the District Court of the Virgin Islands.  See In re TikTok, Inc., 85 F.4th 352, 360 (5th Cir. 2023) (.

Cost of Attendance for Witnesses: When the distance between venues exceeds 100 miles, the "100-mile rule" increases the significance of this factor. In re Volkswagen AG, 371 F.3d 201, 204-05 (5th Cir. 2004). Both Defendants and their minor children (beneficiaries of the trust) reside in St. Thomas. The logistical and financial burden of transporting them and USVI-based witnesses 2,000 miles to Houston is substantial.  Meanwhile, the Plaintiff's testimony is less important as it concerns a fraudulent transfer claim.

Relative Ease of Access to Sources of Proof: Despite the increase in electronic discovery, the location of physical evidence and the "situs" of the alleged wrong remain relevant. Volkswagen, 545 F.3d at 316. The books and records for the USVI entities are maintained in St. Thomas.

C. Public Interest Factors Favor Transfer.

Public interest factors include: (1) administrative difficulties (court congestion); (2) local interest in the controversy; (3) familiarity with governing law; and (4) avoidance of unnecessary conflict of laws. Id. at 315.

The USVI has a significant interest in resolving a "localized controversy" involving its residents and the alleged misuse of USVI corporate law. *In re TikTok*, 85 F.4th at 364. Because the Plaintiff seeks to claw back USVI-based property and assets, the residents of the USVI have a superior interest in the adjudication of this matter.

III. Summary and Conclusion

A. The District Court of the Virgin Islands Division of St. Thomas and St. John is a Proper Venue.

A case may be transferred to any district where it "might have been brought." 28 U.S.C. § 1404(a). Because both Defendants reside in the USVI and a substantial part of the events giving rise to the fraudulent transfer claims—specifically the acquisition of assets by Emerald Island Holdings, LLC—occurred there, venue is

proper in the USVI under 28 U.S.C. § 1391(b).  Emerald Island Holdings, LLC does not and has never done business outside the Virgin Islands.  It is a Virgin Island entity.  The claims against Madison Fontenot center on the alleged fraudulent transfer of assets to entities and accounts located in the USVI. The financial records for Emerald Island Holdings, LLC and other USVI-based entities are located within the transferee district. The Defendants and their minor children (who are beneficiaries of the trusts), reside in the USVI. Requiring the Defendants and any local USVI witnesses to travel to Houston for trial would impose a significant and unnecessary financial burden.  Plaintiff, Linda Goehrs resigned as trustee of the plaintiff trust.  The two other Plaintiff's Joe and Michelle Fontenot have little to no knowledge of the operative facts in this case.  They had nothing to do with the business transactions or trust administration during the relevant periods, expect to be passive beneficiaries of a trust. Accordingly, the vast majority of the witnesses are located in the U.S. Virgin Islands.  Madison Fontenot respectfully request that the Court grant this motion and transfer this action to the District Court of the Virgin Islands.

Respectfully submitted,
/s/ Lloyd E. Kelley
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
lloyd@lloydekelley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **April 21, 2026**, via Federal *electronic filing manager (ECF)*.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley