# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERNDISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA GOEHRS, in her capacity as Temporary Trustee of the Holi Ann Hardin Trust No. 1,** et al. | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action Number** **26-cv-02743** |
| | § § | |
| **DAKOTA FONTENOT, MADISON FONTENOT, et al.,** | § § § | **(Jury Demanded)** |
| **Defendants.** | § § | |

## ORDER GRANTING DEFENDANT'S
## MOTION TO TRANSFER VENUE

Before the Court is Defendant's Motion to Transfer Venue to the District Court of the Virgin Islands Pursuant to 28 U.S.C. § 1404(a). Having considered the Motion, the briefing of the parties, and the applicable law, the Court finds that the Motion should be **GRANTED**.

The Court finds that this action "might have been brought" in the District Court of the Virgin Islands because the Defendants reside there and a substantial part of the events giving rise to the claims occurred in that district. Furthermore, the Court finds that the private and public interest factors weigh heavily in favor of transfer. Specifically, the center of gravity for this litigation has shifted to the U.S. Virgin Islands, where the majority of key non-party witnesses are located and subject

to compulsory process. The Court also notes the local interest of the Virgin Islands in resolving a controversy involving its residents and the alleged misuse of entities organized under its laws.

It is therefore **ORDERED** that this case be **TRANSFERRED** to the District Court of the Virgin Islands, Division of St. Thomas and St. John.

It is **FURTHER ORDERED** that the Clerk of this Court shall take all necessary steps to effectuate this transfer.

**SIGNED** on this _____ day of _____, 2026.

_____
**UNITED STATES DISTRICT JUDGE**