No. 537,721

| | | |
|---|---|---|
| LINDA GOEHRS, IN HER CAPACITY AS | § | IN THE PROBATE COURT |
| TRUSTEE OF THE HOLLI ANN HARDIN | § | |
| TRUST NUMBER ONE | § | |
| *Plaintiff,* | § | |
| | § | NUMBER ONE (1) OF |
| v. | § | |
| | § | |
| DAKOTA FONTENOT, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

### ANSWER AND COUNTERCLAIM OF MADISON E. FONTENOT AS NEXT FRIEND OF S.F. AND W.F., MINORS

Intervenor, Madison E. Fontenot, as next friend of her minor children, S.F. and W.F.,, files her Answer to the Original Petition ("Petition") of Linda Goehrs, in her capacity as "Temporary" Successor Trustee of the Holli Ann Hardin Trust Number One ("Plaintiff" and "Holli Trust") and Counterclaim, and respectfully show as follows:

### I.    STATEMENT OF INTEREST

1.    Under Section 1.3 of the Trust Declaration for the Holli Ann Hardin Trust Number One (the "Holli Hardin Trust"), the beneficiaries of the Holli Hardin Trust are Holli Hardin Fontenot, Dallas Joseph Fontenot, Jr., Anne Fontenot, Dallas Joseph Fontenot, III, Michelle Anne Fontenot, and any children of Holli and Dallas (all classified as Primary Beneficiaries).

2.    That section also states that "[a]lso Beneficiaries of this Trust are the children and other issue of each of the Primary Beneficiaries." Dakota Fontenot is a child of Holli and Dallas and thus is a Primary Beneficiary. As S.F. and W.F. are Dakota's children, they are also beneficiaries of the Holli Hardin Trust. And as beneficiaries of the Holli Hardin Trust, they are

1

persons interested in this proceeding.

## II.    GENERAL DENIAL

3.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Madison denies each and every allegation contained in the Petition and demands strict proof thereof by a preponderance of the credible evidence as required by the Constitution and Laws of the State of Texas.

## III.    AFFIRMATIVE DEFENSES

4.      The "Temporary" Successor Trustee lacks capacity and/or standing to bring all of her claims. As explained in part III below, the "Temporary" Successor Trustee's authority to serve expired long ago and she has no independent interest in this litigation outside of that fiduciary capacity. Further, even if the "Temporary" Successor Trustee is validly acting, all of the spurious allegations against Dakota for actions he took in saving the businesses are not properly bought by the "Temporary" Successor Trustee. Any duties owed were to the various entities that Dakota was the officer/director of, not to the "Temporary" Successor Trustee.

5.      The "Temporary" Successor Trustee's claims are barred by waiver, ratification, and/or estoppel. As the evidence will show, the "Temporary" Successor Trustee was aware of and approved the financing plan used to buy Holli Hardin Fontenot ("Holli") out of her interests in the Holli Trust and the Dakota Trust. Further, the "Temporary" Successor Trustee is aware of the lengths Dakota went to ensure that the business succeeded. As evidenced from the exhibits to her own Petition, on the loan needed to take care of a portion of the deferred maintenance issues Decedent left, Dakota personally guaranteed it and secured it using property of the Dakota Trust. Even though Dakota and the Dakota Trust did not have an ownership interest in the business.

2

(Notably, the "Temporary" Successor Trustee did not have any issues when Dakota used his authority on behalf of the entities owned by the Dakota Trust for these transactions.) The "Temporary" Successor Trustee was involved in all of these decisions and cannot now bring suit because other beneficiaries of the Holli Trust are not happy with her actions.

6.     Any complaint about how Dakota, S.F. and W.F.'s father, ran the businesses is barred by the business judgment rule. The "Temporary" Successor Trustee knows how Dakota ran the business until it was sold. She was aware from the appraisal she herself commissioned that the business was cash poor and a sinking ship. She further knows that Dakota left a lucrative career and put his name, reputation, and personal assets on the line to keep the business afloat. And it was only through Dakota's hard work and decisive actions that any value at all was salvaged for the beneficiaries of the Holli Trust. Her now second-guessing of decisions Dakota made in good faith is barred.

7.     The "Temporary" Successor Trustee's claims are barred by illegality.

8.     The "Temporary" Successor Trustee's claims are barred by the statute of limitations.

9.     As shown by all of the above, the "Temporary" Successor Trustee's equitable claims are barred by unclean hands.

10.    Finally, any amount owed from the Dakota Trust to the Holli Trust is offset by what entities owned by the Holli Trust owe entities owned by the Dakota Trust and/or Dakota personally.

#### IV.     REQUEST FOR SPECIFIC PERFORMANCE

11.     As described above, the "Temporary" Successor Trustee has been anything but. Originally appointed by order of a Fort Bend County District Court in 2021, the "Temporary" Successor Trustee's appointment was only supposed to last until the litigation regarding Dallas Fontenot's estate plan was resolved. That resolution occurred by Settlement Agreement in 2022. Yet the "Temporary" Successor Trustee stayed.

12.     In the Settlement Agreement, the "Temporary" Successor Trustee was to resign when the surviving spouse's interest was bought out of the Trusts. Yet, after the buyout was accomplished, the "Temporary" Successor Trustee stayed on.

13.     She still continues to serve over four years after her "temporary" appointment and shows no signs of resigning her office, even though the two documents that give her any authority dictate she should have left long ago. The Court should enforce the Settlement Agreement and compel the "Temporary" Successor Trustee to resign.

#### V.     DEMAND FOR ACCOUNTING

14.     The "Temporary" Successor Trustee has served for almost four years now and has never provided S.F. or W.F. with an itemization of what the Holli Trust has taken in and what it has expended. Accordingly, Madison demands under Texas Trust Code § 113.151 that the "Temporary" Successor Trustee provide an accounting.

#### VI.  BREACH OF FIDUCIARY DUTY

15.     While the "Temporary" Successor Trustee has been less than forthcoming with disclosing information about the Holli Trust, what Madison has learned raises serious concerns.

16.     The "Temporary Successor Trustee" was in charge of supervising the appraisers for the buyout. In valuing Ice Embassy, Inc., one decision the "Temporary" Successor Trustee had to make was what to do with a receivable on the books from Decedent. Dakota, S.F. and W.F.'s father, warned the "Temporary" Successor Trustee that the receivable presented a collection risk and should not be valued at its book value. Yet the "Temporary" Successor Trustee insisted that the full book value be included in the valuation. Not including a customary collection discount caused the price of the buyout to rise and benefitted Holli at the expenses of Dakota, S.F., W.F., Joe, Michelle, and Michelle's two adult children (also beneficiaries of the Holli Trust).

17.     Exactly as Dakota warned, Holli as Independent Executor of Decedent's Estate refused to repay the loan. It took a federal lawsuit and tens of thousands of dollars in attorney's fees to eventually only collect a fraction of the book value of the receivable. Such a decision does not meet the standard of care required of a fiduciary and further breached her duty of impartiality as "Temporary" Successor Trustee's decision benefitted Holli at the expense of the other beneficiaries.

18.     Further, the "Temporary" Successor Trustee disclosed in the litigation that she charges the Holli Trust at a tenth of an hour increments her full rate for service as fiduciary. She admitted does not provide these monthly billing statements to any of the beneficiaries for their review. This level of fiduciary compensation is not authorized by either the Order that appointed her or the Holli Trust Declaration. Indeed, the Holli Trust Declaration requires the "Temporary" Successor Trustee to charge compensation "in accordance with the usual and customary charges in the community where and when such services are rendered." Art. 7.3.  Charging her hourly legal

rate for work on the Holli Trust is not in accordance with the usual and customary charges in Harris County. Accordingly, Madison asks that the Court force disgorgement of all fiduciary compensation (which amount the "Temporary" Successor Trustee has never disclosed) received by the "Temporary" Successor Trustee.

19.     The "Temporary" Successor Trustee was not always antagonistic to Dakota (S.F. and W.F.'s father). Indeed, as shown above, the "Temporary" Successor Trustee worked hand in glove with Dakota to run the business and attempt to salvage some value for the beneficiaries of the Holli Trust.

20.     Sadly, once the business was sold and the "Temporary" Successor Trustee no longer needed Dakota, she allowed herself to be pushed by Intervenors Joe and Michelle into bringing this lawsuit under the threat of a lawsuit against her for her actions. The "Temporary" Successor Trustee knew full well about the operation of the business and the payments under the Settlement Agreement.  Yet she was afraid that Intervenors Joe and Michelle would blame her and sue her for her actions/inactions. So instead of owning up to her own actions, the "Temporary" Successor Trustee agreed to make Dakota, S.F. and W.F.'s father, the scapegoat and sued him for causes of action she already explained to Intervenors Joe and Michelle had no merit. In so doing, the "Temporary" Successor Trustee abdicated her fiduciary responsibility and favored Intervenors Joe and Michelle to the detriment of Dakota, S.F. and W.F. By her actions, the "Temporary" Successor Trustee also acted in her own benefit (avoiding a lawsuit against her personally) instead of honoring her fiduciary relationship to Dakota, S.F., and W.F.

21.     Further, the "Temporary" Successor Trustee continues to act outside of any

6

guardrails imposed by her fiduciary duty and the order appointing her.  In addition to not providing any transparency as to her compensation, the "Temporary" Successor Trustee has not provided any transparency as to the assets and expenditures of the Holli Trust.  The "Temporary" Successor Trustee has instituted this lawsuit against her beneficiary Dakota, S.F. and W.F.'s father, despite the order appointing her requiring agreement of all beneficiaries before she hired an attorney.  The "Temporary" Successor Trustee did not discuss with Madison, the guardian of S.F. and W.F., or with Intervenor Michelle's children (who are all beneficiaries of the Holli Trust) on if they wanted her to institute this litigation and drain Holli Trust resources. The "Temporary" Successor Trustee has further attempted to freeze payments to Dakota, to the detriment of S.F. and W.F., that are unrelated to this litigation. She has breached her duty in a litany of ways and caused the beneficiaries damages. By her unlawful actions, she has specifically caused S.F. and W.F. significant damages by draining the Holli Trust's resources in order to avoid a lawsuit against her and instead institute a lawsuit against S.F. and W.F.'s father Dakota.

## VII.  ASSISTING/ENCOURAGING AND KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY

22.     Based on Intervenors Joe and Michelle's actions in assisting/encouraging the "Temporary" Successor Trustee to file suit against Dakota in exchange for them not suing her, Intervenors Joe and Michelle have participated in the "Temporary" Successor Trustee's breaches of fiduciary duty and are jointly liable for them. Intervenors' actions were knowing, willful, reckless, and S.F. and W.F. are entitled to damages for their unlawful acts.

## VIII.  REQUEST FOR ATTORNEY'S FEES

23.     It has been necessary for Madison to hire attorneys to intervene in this action and

7

bring countersuit, so an award of reasonable and necessary attorney's fees to Madison from Plaintiff, Intervenors Joe and Michelle, and/or the Holli Trust would be equitable and just. Moreover, an award of reasonable and necessary attorney's fees to Sara and William is authorized by Section 37.009 of the Texas Civil Practice and Remedies Code, Section 114.064 of the Texas Property Code, and paragraph 11 of the Settlement Agreement.

### PRAYER

Based on the foregoing, Intervenor Madison E. Fontenot, as next friend of S.F. and W.F., minors and beneficiaries of the Holli Ann Hardin Trust No. One, prays that:

- Plaintiff take nothing;

- the Court enter an order compelling Plaintiff to resign as "Temporary" Successor Trustee/remove the "Temporary" Successor Trustee;

- S.F. and W.F. recover their damages from Plaintiff and/or Intervenors Joe and Michelle;

- S.F. and W.F. recover their reasonable and necessary attorney's fees from Plaintiff, Intervenors Joe and Michelle and/or the Holli Trust; and

- the Court grant all other relief to which S.F. and W.F. may be justly entitled, both in law and in equity.

Respectfully submitted,

/s/ Paul S. Beik
PAUL S. BEIK
Texas State Bar Number: 24054444
paul@beiklaw.com
440 Louisiana Street, Suite 1800
Houston, Texas 77002

Telephone: (713) 869-6975

**ATTORNEYS FOR INTERVENOR MADISON E. FONTENOT, AS NEXT FRIEND OF S.F. AND W.F., BENEFICIARIES OF THE HOLLI ANN HARDIN TRUST NUMBER ONE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon all parties of record in this Cause, in accordance with the Texas Rules of Civil Procedure on October 22, 2025.

RUDOLPH M. CULP                    VIA E-SERVICE
State Bar No. 24043014
rudy@texasprobateattorney.com
COLLIN J. BULLARD
State Bar No. 24129570
collin@texasprobateattorney.com
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
Telephone: (713) 297-0700
Fax: (817) 383-5110

**ATTORNEYS FOR PLAINTIFF,
LINDA GOEHRS, IN HER CAPACITY AS
TRUSTEE OF THE HOLLI ANN HARDIN
TRUST NUMBER ONE**

Ryan O. Cantrell                    VIA E-SERVICE
Texas Bar No. 24055259
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553

**COUNSEL FOR MICHELLE FONTENOT AND
DALLAS JOSEPH FONTENOT III**


/s/  Paul S. Beik
PAUL S. BEIK

10