IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENTERTAINMENT MARKETING & MANAGEMENT, LTD., ICE EMBASSY INC., HFR ENTERPRISES, INC., and LINDA C. GOEHRS, ESQ., as Trustee for THE HOLLI ANN HARDIN TRUST NUMBER ONE, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| Vs. | § § | Civil Action No.: 4:24-cv-01461 |
| HOLLI H. FONTENOT, | § § § | |
| Defendant. | § § | |

### THIRD-PARTY DEFENDANT DAKOTA FONTENOT'S ORIGINAL ANSWER

Subject to his First and Second Motions to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), Third-Party Defendant Dakota Fontenot files this original answer to Third-Party Plaintiff Holli G. Fontenot's First Amended Third-Party Complaint.

## I.    Admissions & Denials

### A.  Parties

1.    Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1.

2.    Third-Party Defendant admits the allegations in paragraph 2.

### B.  Jurisdiction & Venue

3.    Third-Party Defendant admits that the claim, as stated, appears to be within the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 3.

EXHIBIT
4

4.      Third-Party Defendant admits that he is subject to jurisdiction in Texas. Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 4.

5.      Third-Party Defendant admits to venue being proper for the claim as stated. Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 5.

### C. Facts

6.      Third-Party Defendant admits the allegations in paragraph 6.

7.      Third-Party Defendant admits that after the settlement agreement he became an officer of Ice. Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 7.

8.      Third-Party Defendant admits that the settlement agreement contains certain language.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 8.

9.      Third-Party Defendant admits that the settlement agreement contains certain language, that the Trust owns HFR and Ice, and that "[a]ll interest… in [EMML] was to be distributed to him.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 9.

10.     Third-Party Defendant admits that the settlement agreement contains certain language.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 10.

11.     Third-Party Defendant admits that the settlement agreement contains certain language.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 11.

12.     Third-Party Defendant admits that the settlement agreement contains certain language.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 12.

13.     Third-Party Defendant admits that the settlement agreement provides for the valuation of trust assets, a buy-out of Third-Party Plaintiff based on a calculation thereon based, and payment by the Trust through HFR based on such buy-out calculation.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 13.

14.     Third-Party Defendant admits that certain information was provided for the appraisal to the appraisers through Mr. Sims.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 14.

15.     Third-Party Defendant admits that EMML and Ice loaned certain amounts totaling $1,818,773 to Decedent Dallas J. Fontenot, Jr.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 15.

16.     Third-Party Defendant admits that he expressed concern that Third-Party Plaintiff would seek to avoid repaying the sums borrowed by Decedent from EMML and Ice.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 16.

17.     Third-Party Defendant admits that Third-Party Plaintiff benefitted from the sums borrowed by Decedent from EMML and Ice and further benefitted by receiving payment calculated against debts that she intended to always avoid.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 17.

18.     Third-Party Defendant admits that he is an officer and director of Ice and the general partner of EMML. Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 18.

### D.  Causes of Action

19.     Except as so admitted, Third-Party Defendant denies the allegations incorporated by paragraph 19.

20.     Third-Party Defendant admits that he and Third-Party Plaintiff, in her personal capacity only, are parties to the settlement agreement.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 20.

21.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 21.

22.     Third-Party Defendant denies the allegations in paragraph 22.

23.     Third-Party Defendant denies the allegations in paragraph 23.

24.     Third-Party Defendant admits that he and Third-Party Plaintiff, in her personal capacity only, are parties to the settlement agreement.  Except as so admitted, Third-Party Defendant denies the allegations contained in paragraph 24.

25.     Third-Party Defendant denies the allegations in paragraph 25.

26.     Third-Party Defendant denies the allegations in paragraph 26.

27.     Third-Party Defendant denies the allegations in paragraph 27.

28.     Third-Party Defendant denies the allegations in paragraph 28.

29.     Third-Party Defendant admits that he and Third-Party Plaintiff, in her personal capacity only, are parties to the settlement agreement. Except as so admitted, Third-Party

Defendant denies the allegations contained in paragraph 29.

30.     Third-Party Defendant denies the allegations in paragraph 30.

31.     Third-Party Defendant denies the allegations in paragraph 31.

32.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 32.

33.     Third-Party Defendant denies the allegations contained in paragraph 33.

34.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 34.

35.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 35.

36.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 36.

37.     Third-Party Defendant denies the allegations contained in paragraph 37.

38.     To the extent applicable, Third-Party Defendant denies the allegations contained in paragraph 38.

39.     To the extent applicable, Third-Party Defendant denies the allegations contained in the paragraph beginning with the words "[f]or the reasons stated above."

## II.     Affirmative Defenses

40.     Third-Party Defendant is not liable to Third-Party Plaintiff because

(a)     of an accord and satisfaction;

(b)     of estoppel;

(c)     of fraud;

(d)     of release

(e)     of mistake; and

(f)     Third-Party Plaintiff waived her claim.

41.     Specifically, Third-Party Plaintiff represented in the subject settlement agreement that there were no claims by the trust, the estate, or their entities against Decedent's estate and Third-Party Plaintiff released claims against Third-Party Defendant.  However, Third-Party Plaintiff and Decedent borrowed money from certain entities owned by the estate and the trust, failed to re-pay same despite receiving same and such being documented in their personal financial records, upon which in part the information provided to appraisers of the trust's assets.  Third-Party Plaintiff concealed such information from Third-Party Defendant.

42.     Further answering, if any be necessary, the asserted indemnity and release language is vague and ambiguous or does not provide fair notice of released future claims or assumed future indemnity obligations.

43.     Further answering, if any be necessary, Third-Party Plaintiff has failed to mitigate her damages if any.

FOR THESE REASONS, Third-Party Defendant asks the Court to enter judgment that Third-Party Plaintiff take nothing, dismiss Third-Party Plaintiff's suit with prejudice, assess costs against Third-Party Plaintiff, and award Third-Party Defendant all other relief the Court deems appropriate.

Respectfully submitted,

**NICHAMOFF LAW PC**

*/s/ Seth A. Nichamoff*

By:  _____

Seth A. Nichamoff
Attorney-in-Charge
Texas State Bar No. 24027568
Federal I.D. No. 27002
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Telephone: (713) 503-6706
Facsimile: (713) 360-7497

**ATTORNEYS FOR THIRD-PARTY DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, February 24, 2025, a copy of the foregoing was served by e-mail on the following known counsel of record.

Stephen A. Mendel
Emily J. Wyatt
The Mendel Law Firm, L.P.
1155 Dairy Ashford, Suite 104
Houston, Texas 77079
Info@mendellawfirm.com

*Attorneys for Defendant*

Fred Dietrich
The Dietrich Law Firm
3730 Kirby Drive, Suite 1175
Houston, Texas 77098
fdietrich@dietrich-law.com

*Attorneys for Defendant*

*/s/ Seth A. Nichamoff*

By:  _____

Seth A. Nichamoff

7