## CAUSE NO. 537,721

| | | |
|---|---|---|
| **LINDA GOEHRS, IN HER CAPACITY AS** | § | **IN PROBATE COURT** |
| **TRUSTEE OF THE HOLLI ANN** | § | |
| **HARDIN TRUST NUMBER ONE** | § | |
| *Plaintiff*, | § | |
| | § | **NUMBER ONE OF** |
| **v.** | § | |
| | § | |
| **DAKOTA FONTENOT** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

## MICHELLE FONTENOT AND JOE FONTENOT'S
## INITIAL DISCLOSURES

TO:   Linda Goehrs, Trustee of the Holli Ann Hardin Trust Number One, by and through her attorney of record Rudy Culp, Texas Probate Attorney PLLC, 24 Greenway Plaza, Suite 1825, Houston, Texas 77046; and

Dakota Fontenot, by and through his attorneys of record, Jeffrey D. Watters, Jr., John P. ("Trey") Avant III, Gray Reed & McGraw, LLP, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056, Paul S. Beik, 440 Louisiana Street, Suite 1800, Houston, Texas 77002, and James Madison ("Jimmy") Ardoin III, 4900 Fournace Place, Suite 414, Bellaire, Texas 77401.

Michelle Fontenot and Joe Fontenot serve these Initial Disclosures and Expert Witness Disclosures pursuant to Texas Rules of Civil Procedure 194.2 and 195.5.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.**

By:    */s/ Ryan O. Cantrell*
Ryan O. Cantrell
Texas Bar No. 24055259
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone:    (713) 658-1818
Facsimile:    (713) 658-2553
**COUNSEL FOR MICHELLE FONTENOT AND
DALLAS JOSEPH FONTENOT III**

1

EXHIBIT

**4**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served on this the 24th day of October, 2025, to the following:

Rudy Culp
Collin Bullard
TEXAS PROBATE ATTORNEY PLLC
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
*Counsel for Linda Goehrs*

Jeffrey D. Watters, Jr.
John P. ("Trey") Avant III
Andrew B. McCarty
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
*Counsel for Dakota Fontenot*

James Madison ("Jimmy") Ardoin III
4900 Fournace Place, Suite 414
Bellaire, Texas 77401
*Counsel for Dakota Fontenot*

Paul S. Beik
440 Louisiana Street, Suite 1800
Houston, Texas 77002
*Counsel for Dakota Fontenot*

*/s/ Ryan O. Cantrell*
Ryan O. Cantrell

2

## MICHELLE AND JOE FONTENOT'S RULE 194.2 INITIAL DISCLOSURES

(1)     The correct names of the parties to the lawsuit;

**RESPONSE:** The parties have been properly named to Michelle and Joe's knowledge.

(2)     The name, address, and telephone number of any potential parties;

**RESPONSE:** None known at this time.

(3)     The legal theories, and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RESPONSE:** Michelle and Joe incorporate by reference as if fully set forth herein their First Amended Answer, Affirmative Defenses, and Crossclaims. Michelle and Joe's claims and defenses include the following:

### GENERAL DENIAL

Michelle and Joe generally deny the allegations contained in Defendant Dakota Fontenot's First Amended Counterclaim as permitted by Rule 92 of the Texas Rules of Civil Procedure and require that Dakota prove his causes of action by a preponderance of the credible evidence.

### AFFIRMATIVE DEFENSES

Michelle and Joe plead the following affirmative defenses:

   a. Dakota lacks authority as Trustee of the Dakota Trust and any entities held by the Dakota Trust.
   b. Dakota's claims are barred by the doctrines of waiver, estoppel, laches, and release.
   c. Dakota's claims are barred by the doctrine of unclean hands.
   d. Dakota's claims are barred by the statute of limitations.
   e. Dakota's claims are barred by the doctrines of res judicata or collateral estoppel.

### ATTORNEYS' FEES

Michelle and Joe seek their reasonable and necessary attorneys' fees under all applicable authority, including Section 37.009 of the Texas Civil Practice and Remedies Code and Section 114.064 of the Texas Property Code.

### CROSSCLAIMS

Holli Ann Hardin, as Settlor, created the Dakota Trust, an irrevocable inter vivos trust, on November 9, 1994. The Dakota Trust was never amended and could not be amended except by a court of competent jurisdiction. Holli Ann Hardin served as the original named Trustee of the Dakota Trust. The Trust Agreement named the following successor Trustees, in order: Dallas, Joe, Michelle, and finally First Interstate Bank of Texas.

On September 8, 1996, Holli resigned as Trustee by serving written notice of her resignation on Dallas.

After Holli's resignation, Dallas, as the named first successor Trustee, served as Trustee for the Dakota Trust until his death on September 3, 2021. During his tenure as Trustee, Dallas exercised the authority under Article V, Section C. of the Trust Agreement to designate successor trustees. On May 1, 2013, Dallas executed a Designation of Successor Trustee, naming Dakota as his successor, followed by Frost Bank. On October 14, 2017, Dallas then revoked the designation

3

of Dakota as successor Trustee, designating Frost Bank as his successor in a formal Designation of Successor Trustee:

> Pursuant to Article V, Section C of the Trust Declaration, Dallas Joseph Fontenot, Jr. removes all prior appointments of appoints Dakota James Fontenot as successor Trustee and, instead, appoints Frost Bank to serve as successor Trustee upon the death, disability, resignation, or disqualification of Dallas Joseph Fontenot, Jr.

At the same time, Dallas removed Dakota as officer of Viva Las Vegas Properties, Inc., among other entities. The Dakota Trust owns 100% of the stock of Viva Las Vegas Properties, Inc. and accordingly the Trustee of the Dakota Trust is the sole shareholder for Viva Las Vegas Properties, Inc.

> ESOLVED that Dakota Fontenot is hereby removed from all offices and all positions as a Director of Viva Las Vegas Properties, Inc. from and after October 14, 2017.

Dakota is not a named successor trustee in the Trust Agreement for the Dakota Trust, and the only document that purports to give him any claim to the trustee position was revoked in October 2017. Upon Dallas's death in 2021, a vacancy in the trustee position was created, and Frost Bank was the named successor trustee in the 2017 Designation of Successor Trustee. Neither Dallas, nor Frost Bank, ever executed any other document that would appoint Dakota as successor trustee.

Despite the lack of authority, Dakota currently purports to serve as Trustee of the Dakota Trust and director/officer of Viva Las Vegas Properties, Inc. To support his claimed status as Trustee, Dakota now asserts that the October 14, 2017 Designation of Successor Trustee is "invalid as a forgery and/or revoked document." Dakota has not, and cannot, produce any document that would validly appoint him as successor trustee of the Dakota Trust. As Dakota's purported authority to act on behalf of Viva Las Vegas Properties, Inc. stems from actions he invalidly took as purported trustee, he likewise has no authority to act on behalf of Viva Las Vegas Properties, Inc.

Dakota, however, not only claims to be the Trustee of the Dakota Trust and the officer and director of Viva Las Vegas Properties, Inc., but Dakota claims that he is the "only current beneficiary of the Dakota Trust." However, the terms of the Dakota Trust dictate that Joe and Michelle are 2/3 beneficiaries of the Dakota Trust. After Dallas's death in 2021, Dakota sought to probate Dallas's 2013 Will, and Holli sought to probate Dallas's 2013 Will and 2017 Codicil. Dakota claimed that the 2017 Codicil was a forgery or was the product of undue influence. Dakota also initiated litigation regarding the Holli Ann Hardin Trust Number One, seeking a declaratory judgment and appointment of a successor trustee of the Holli Ann Hardin Trust Number One. The parties settled both the Estate and Trust litigation on January 7, 2022. Dallas's 2013 Will and 2017

4

Codicil were admitted to probate, and Holli was appointed Independent Executor of Dallas's Estate.

As part of the Settlement Agreement, Holli's interest in both the Holli Ann Hardin Trust Number One and the Dakota Trust Number One were bought out, and Holli disclaimed her interest in these Trusts.

Pursuant to the terms of the Dakota Trust, upon Holli's death, absent Dallas's exercise of a power of appointment, the Trust property passes to the descendants of Holli Hardin Fontenot and to the descendants of Dallas Joseph Fontenot, Jr., *per stirpes*:

> 3. Dallas Joseph Fontenot, Jr., by a clause in his Will in which he specifically exercises this power of appointment, shall have the power to appoint the trust assets remaining upon the death of Holli Hardin Fontenot to or for the benefit of any one or more of the descendants of Dallas Joseph Fontenot, Jr. or the descendants of Holli Hardin Fontenot, in such shares, proportions, or amounts, upon such trusts and for such estates as he alone may determine. If Dallas Joseph Fontenot, Jr. fails to exercise this special power of appointment to the fullest extent, then, subject to the other provisions of this Trust, upon his death, the unappointed trust assets shall be delivered to the living descendants of Holli Hardin Fontenot and to the living descendants of Dallas Joseph Fontenot, Jr., per stirpes.

As he testified at the injunction hearing, Dakota, purportedly believing himself to be the acting Trustee and sole beneficiary of the Dakota Trust, has recently sold property located belonging to Viva Las Vegas Properties, Inc. and deposited all of the proceeds into a personal bank account, and subsequently depleted the proceeds for his own personal obligations. He did not notify Michelle or Joe about the sale of the property, and inappropriately accepted all of the proceeds to himself, sharing none with the other beneficiaries.

**AMENDED APPLICATION FOR RELIEF UNDER TEXAS PROPERTY CODE § 114.008**

Texas Property Code § 114.008 gives the Court broad authority to remedy a breach of trust that has occurred or might occur. As explained *supra*, Dakota has no authority to act on behalf of the Dakota Trust. Numerous breaches of trust have occurred and will continue to occur if Dakota continues to act without proper authority.

As Dakota's designation as successor trustee was revoked in 2017, Dakota is not validly serving as Trustee of the Dakota Trust. Any actions he has taken as purported Trustee of the Dakota Trust are invalid and ineffective.

Importantly, Dakota cannot become the Trustee of the Dakota Trust by some equitable doctrine of waiver or consent. *See Alpert v. Riley*, 274 S.W.3d 277 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("We have not located, and Riley does not identify, any authority that recognizes a trustee by estoppel in the presence of express trust language outlining the procedure for

appointment of a successor trustee...Texas law prohibits the equitable rule proposed by Riley for other reasons as well. The Texas Trust Code requires adherence to the trustee selection method prescribed in the trust instrument, which necessarily forecloses the exercise of equitable discretion unless that method fails.") (citing TEX. PROP. CODE § 113.083).

The Texas Property Code authorizes the Court to issue an injunction to remedy a breach of trust that has occurred or might occur. TEX. PROP. CODE § 114.008; *see also Matter of Bumstead Family Irrevocable Trust*, 2022 WL 710159 (Tex. App.—Corpus Christi-Edinburg March 10, 2022, pet. denied) (affirming trial court temporary injunction that enjoined an individual from acting as trustee and appointed a receiver when the validity of the purported trustee's appointment was at issue). Dakota taking any action on behalf of the Dakota Trust would be a further breach of trust, as he has no authority to act under the terms of the Trust agreement and subsequent designations of successor trustees.

Similarly, Dakota has no authority to act on behalf of Viva Las Vegas Properties, Inc. Dallas removed Dakota as an officer and/or director of Viva Las Vegas Properties, Inc. on October 14, 2017.

The only documents Dakota has produced that would purport to give him authority to act on behalf of Viva Las Vegas Properties, Inc. are documents that he executed as purported trustee in May of 2023. However, as discussed *supra*, Dakota is not validly serving as the trustee of the Dakota Trust. Therefore, he had no authority to execute these Viva Las Vegas Properties, Inc. corporate governance documents that he relies upon for authority to act on behalf of Viva Las Vegas Properties, Inc. As a result, Dakota was not validly appointed officer and director of Viva Las Vegas Properties, Inc. and he has no authority to take action on its behalf, including selling real property and accessing funds belonging to Viva Las Vegas Properties, Inc. To the extent necessary, Joe and Michelle request that the Court void the execution of the May 19, 2023 Purported Unanimous Joint Written Consent of Viva Las Vegas Properties, Inc. under Texas Property Code § 114.008(a)(9).

Accordingly, Joe and Michelle request that the Court order the following relief under Texas Property Code § 114.008:

a. enjoin Dakota from acting as trustee on behalf of the Dakota Trust (TEX. PROP. CODE § 114.008(a)(2));

b. compel Dakota to redress a breach of trust, including ordering Dakota to pay the proceeds of the sale of Trust property to the Trust (TEX. PROP. CODE § 114.008(a)(3));

c. appoint a receiver to take possession of the trust property and administer the trust (TEX. PROP. CODE § 114.008(a)(5));

d. suspend or remove Dakota as trustee, to the extent necessary (TEX. PROP. CODE § 114.008(a)(6)–(7));

e. void the execution of the May 19, 2023 Purported Unanimous Joint Written Consent of Viva Las Vegas Properties, Inc. (TEX. PROP. CODE § 114.008(a)(9)); and/or

6

f.  impose a lien and/or constructive trust on any property Dakota received that belonged to the Dakota Trust, including but not limited to the sales proceeds from the sale of 3400 Old Richmond Road (TEX. PROP. CODE § 114.008(a)(9)).

**DECLARATORY JUDGMENT – JOE AND MICHELLE ARE EACH 1/3 BENEFICIARIES OF THE DAKOTA TRUST**

An interested person in the administration of a trust may bring suit for a "declaration of rights or legal relations in respect to the trust…to determine any question arising in the administration of the trust, including questions of construction of wills and other writings." TEX. CIV. PRAC. & REM. CODE § 37.005.

As discussed *supra*, as Holli no longer has any interest in the Dakota Trust. As Holli no longer has any interest in the Dakota Trust and has released nay and all interest effective January 2023, Michelle and Joe are at least the two-thirds beneficiaries of the Dakota Trust.

Dakota disputes Michelle and Joe's status as beneficiaries of the Dakota Trust, and instead claims he is the sole beneficiary of the Dakota Trust. Dakota, believes, however, without any authority, that he is the sole beneficiary of the Dakota Trust, despite the lack of any document that would alter Michelle and Joe's status as beneficiaries. Dakota has relied upon Section 3.2 of Dallas's Last Will and Testament for his claim to be the sole beneficiary; however, Section 3.2 of Dallas's Last Will and Testament was revoked by Dallas's First Codicil, which was admitted to probate.

Accordingly, Michelle and Joe request that the Court issue a declaratory judgment that Michelle and Joe are each 1/3 beneficiaries of the Dakota Trust.

**DECLARATORY JUDGMENT – JOE IS SUCCESSOR TRUSTEE OF THE DAKOTA TRUST**

An interested person in the administration of a trust may bring suit for a "declaration of rights or legal relations in respect to the trust…to determine any question arising in the administration of the trust, including questions of construction of wills and other writings." TEX. CIV. PRAC. & REM. CODE § 37.005.

On October 14, 2017, Dallas Fontenot designated Frost Bank as his successor trustee. *See* Exhibit 4, 10/14/17 Designation of Successor Trustee. Frost Bank has failed to serve, and upon information and belief will execute a formal declination to serve as trustee of the Dakota Trust. Under the trustee succession provisions contained in the original Trust Agreement, Joe is the next named successor trustee and is prepared to serve as such. However, given the controversy created by Dakota claiming to be the Trustee and sole beneficiary, Joe and Michelle seek a declaration that Joe is the successor trustee of the Dakota Trust.

**APPLICATION TO FILL TRUSTEE VACANCY UNDER TEXAS PROPERTY CODE § 113.083**

As the trust instrument confirms, Joe is the successor trustee of the Dakota Trust, Michelle and Joe ask the Court to fill the trustee vacancy under Texas Property Code § 113.083. Upon

information and belief, Frost is not serving as successor trustee and does not intend to serve as successor trustee.

Under Texas Property Code § 113.083, on the death, resignation, incapacity, or removal of a sole or surviving trustee, a successor trustee shall be selected according to the method, if any, prescribed in the trust instrument. TEX. PROP. CODE § 113.083(a). "If for any reason a successor is not selected under the terms of the trust instrument, a court may and on petition of any interested person shall appoint a successor in whom the trust shall vest." *Id.*

As described *supra*, Dakota is not the Trustee of the Dakota Trust, and Michelle and Joe believe that the Trust Agreement provides that Joe is the successor trustee. As there is a vacancy in the trustee position, Michelle and Joe therefore request the Court fill the vacancy and appoint Joe to serve as successor Trustee.

**MISAPPROPRIATION OF TRUST ASSETS**

Dakota sold property held in an entity of which the Dakota Trust is the 100% owner, without any authority. Under Texas Property Code § 114.031, a beneficiary is liable for loss to the trust if the beneficiary has misappropriated or otherwise wrongfully dealt with the trust property or failed to repay a distribution or disbursement from the trust in excess of that to which the beneficiary is entitled. *See* TEX. PROP. CODE § 114.031(a)(1), (4). Dakota has misappropriated trust assets and accordingly, the trustee may offset his liability to the trust estate against his interest in the trust estate. Michelle and Joe bring this claim for misappropriation of trust assets as beneficiaries of the Dakota Trust derivatively on behalf of the Dakota Trust.

**UNJUST ENRICHMENT**

Dakota received all of the sales proceeds of property belonging to an entity held by the Dakota Trust, of which he is only a 1/3 beneficiary. As a result, he has been unjustly enriched by receiving a benefit that would be unconscionable to retain. Accordingly, Michelle and Joe bring this claim for unjust enrichment derivatively on behalf of the Dakota Trust. Any future distributions to Dakota from the Dakota Trust should be offset by the amounts he has already received. *See* TEX. PROP. CODE § 114.031(b).

**MONEY HAD AND RECEIVED**

As a result of the sale of the property located at 3400 Old Richmond Road, Dakota holds funds which, in equity and good conscience, belong to the Dakota Trust. The Dakota Trust has suffered damages as a result of Dakota's inequitable conduct. Accordingly, Michelle and Joe bring this claim for money had and received derivatively on behalf of the Dakota Trust. Any future distributions to Dakota from the Dakota Trust should be offset by the amounts he has already received. *See* TEX. PROP. CODE § 114.031(b).

8

**ATTORNEYS' FEES**

Michelle and Joe seek their reasonable and necessary attorneys' fees under all applicable authority, including Section 37.009 of the Texas Civil Practice and Remedies Code and Section 114.064 of the Texas Property Code.

(4)     The amount and any method of calculating economic damages;

**RESPONSE:** Discovery is ongoing and Michelle and Joe will supplement.

Michelle and Joe have incurred, and will continue to incur, reasonable and necessary attorneys' fees and costs. These costs are ongoing and will be supplemented as the case progresses and new information becomes available. Invoices will be available for inspection and copying at a mutually convenient time at the law offices of Chamberlain Hrdlicka upon reasonable request.

(5)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE:**

**Michelle Fontenot**
c/o Ryan O. Cantrell
Mariah J. Karigan
CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
*Beneficiary of Holli Ann Hardin Trust Number One and Dakota Trust*

**Dallas Joseph Fontenot III ("Joe")**
c/o Ryan O. Cantrell
Mariah J. Karigan
CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
*Beneficiary of Holli Ann Hardin Trust Number One and Dakota Trust*

**Dakota Fontenot**
c/o Jeffrey D. Watters, Jr.
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000

9

*Beneficiary of Holli Ann Hardin Trust Number One and Dakota Trust; claims to be trustee of the Dakota Trust and officer/director of Viva Las Vegas Properties, Inc.*

**Linda Goehrs**
c/o Rudy Culp
TEXAS PROBATE ATTORNEY PLLC
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
(713) 297-0700
*Temporary Successor Trustee for the Holli Ann Hardin Trust Number One*

**Joanna Gonzalez-Lambert**
1800 West Loop S., Suite 1125
Houston, Texas 77025
*Bookkeeper with knowledge of the Holli Ann Hardin Trust Number One related entities financial transactions, club operations, and Dakota's personal expenditures using entity funds*

**Madison Fontenot**
2926 Fontana Drive
Houston, Texas 77043
*Dakota Fontenot's wife and employee of Colorado Club hired by Dakota*

**James Mark Everett**
1112 Colorado Street
Austin, Texas 78701
*Attorney that prepared October 2017 removal documents*

**Amir Shenaq**
5416 Doliver Drive
Houston, Texas 77056
*Dakota Fontenot's father-in-law and owner of entity that received $50,000 in interest for a short-term loan*

**David Bartine**
**22202 Highland Knolls Drive**
**Katy, Texas 77450**
**(832) 437-9844**
*CPA for the Holli Ann Hardin Trust Number One and related business entities*

**CLE Group SKZ Real Estate, LLC**
**Zack Truesdell**
**1800 W Loop S., Suite 1125**
Houston, TX 77027
*Purchaser of Ice Embassy stock and real property owned by HFR Enterprises*

10

**Colorado Rose, LLC**
**Kyle W. Kinsel**
1855 Westlake Drive
Austin, Texas 78746
*Identified in Purchase and Sale Agreement*

**Gray Entertainment Inc.**
**John Gray**
6111 Burning Tree Drive
Houston, Texas 77036
*Recipient of funds from sale of Colorado Club pursuant to purported consulting agreement entered into by Dakota Fontenot*

**Tim Wilson**
timwilson007@hotmail.com
*Recipient of funds from sale of Colorado Club pursuant to purported consulting agreement entered into by Dakota Fontenot*

**LHS Homes, LLC**
**Hadi Jafarzadeh**
2522 Nantucket Unit B
Houston, Texas 77057
(281) 802-4262
*Lender under loan that Dakota allowed to go into default*

(6)     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:** *See* Exhibits 1 to 12 of Michelle and Joe's First Amended Answer, Affirmative Defenses, and Crossclaims, as well as documents served on September 23, 2025 with accompanying business records affidavits. Discovery is ongoing and Michelle and Joe will supplement.

(7)     Any indemnity and insuring agreements described in Rule 192.3(f);

**RESPONSE:** None.

(8)     Any settlement agreements described in Rule 192.3(g);

**RESPONSE:** None.

(9)     Any witness statements described in Rule 192.3(h);

**RESPONSE:** None at this time.

(10)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

**RESPONSE:** Not applicable.

(11)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

**RESPONSE:** Not applicable.

(12)    The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:** None at this time.

## MICHELLE AND JOE'S RULE 195.5 EXPERT DISCLOSURES

**Non-Retained Experts**

**Ryan O. Cantrell**
CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

Mr. Cantrell will provide testimony with respect to Michelle and Joe's entitlement to attorneys' fees, as well as the reasonableness and necessity of attorneys' fees incurred by Michelle and Joe. Mr. Cantrell will also provide testimony regarding the reasonable rate of Michelle and Joe's attorneys working on this matter. Likewise, Mr. Cantrell will provide testimony with respect to any other party's entitlement to attorneys' fees, if any, as well as the reasonableness and necessity of attorneys' fees incurred by him. He will also provide testimony regarding the reasonable rate of any other party's attorneys working on this matter.

Mr. Cantrell's opinions are based on his participation in and/or supervision of this case as well as his review of the invoices incurred to date based upon the guidelines established by the State Bar of Texas concerning the factors to be considered in determining a reasonable fee for professional legal services including: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

In anticipation of his testimony, Mr. Cantrell may rely upon pleadings and discovery as well as invoices submitted by the parties in support of their claims for attorneys' fees. A copy of Mr. Cantrell's *curriculum vitae* is available at www.chamberlainlaw.com. Invoices can be made available for inspection or copying at the law offices of Chamberlain Hrdlicka with reasonable notice.