# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERNDISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA GOEHRS, in her capacity as Temporary Trustee of the Holi Ann Hardin Trust No. 1,** et al. | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action Number** **26-cv-02743** |
| | § | |
| **DAKOTA FONTENOT,** **MADISON FONTENOT, et al.,** | § § | **(Jury Demanded)** |
| **Defendants.** | § § | |

## RESPONSE TO MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Madison Fontenot, in her individual capacity ("Madison"), respectfully submits this response in opposition to Intervenors Michelle Fontenot and Dallas Joseph Fontenot III's Motion to Remand and Request for Costs and Fees (Dkt. 8). The removal was timely and proper under 28 U.S.C. §§ 1441 and 1446. Madison was not an extant party at the original state-court filing. She was joined for the first time by the Intervenors' March 12, 2026 pleading. By the time that pleading was filed and served on Madison, Dakota Fontenot had changed his domicile to the U.S. Virgin Islands, and complete diversity existed. Madison timely removed within

her independent 30-day window as the later-served/new defendant. The Motion to Remand should be denied in full, including the request for costs and fees.

## I. FACTUAL BACKGROUND

1. In support of this response, Madison incorporates the Declarations of Dakota Fontenot and Madison Fontenot filed contemporaneously herewith. On August 21, 2025, Plaintiff Linda Goehrs filed this action in Harris County Probate Court No. One solely against Dakota Fontenot asserting claims for declaratory judgment and breach of fiduciary duty. Prior to the suit, Dakota and Madison (Dakota's wife), had purchased a home in the U.S. Virgin, islands, applied for their children to attend school and arranged for a complete move to St. Thomas in the U.S. Virgin Islands.[1]

2. In March 12, 2026, Dakota's half-siblings, Joe and Michelle Fontenot, amended their intervention, and sued Madison Fontenot.[2] As a new party receiving an amended pleading, Madison timely removed the action on April 7, 2026, within her independent 30-day removal window under 28 U.S.C. § 1446(b)(2)(B). Dakota

---

[1] . For diversity jurisdiction purposes the U.S. Virgin Islands is treated as a "state." 28 U.S.C. § 1332(e) ("The word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."); *Brown v. Francis,* 75 F.3d 860, 865 (3d Cir. 1996)

[2] . The intervention lists Dakota and Madison's minor children as parties but does not identify a claim being asserted against them. As they share a domicile with their parents, it makes no difference for purposes of this motion whether they are actually parties. The minor children's residence is based on the child's citizenship not the residence of the legal representative. 28 U.S.C. § 1332(c)(2)("the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").

(the only other defendant) consented to the removal.[3]  At the moment of removal, complete diversity existed.

3. The plaintiffs' motion to remand argues that Dakota and Madison's moving to the U.S. Virgin Islands was somehow contrived to manufacture diversity jurisdiction.  The facts and timeline belie that argument, and the Fontenots began the process of moving their family in July of 2025 (applying for their children to attend school, purchasing a home, setting up utilities, insurance in early August of 2025). (Dakota Decl.)  They were completely out of Texas by December of 2025, and they and their children have resided in the U.S. Virgin Islands, with Dakota working there and their children attending school there. Their household furniture, vehicles, possessions were shipped via maritime freight to their St. Thomas residence Dakota and Madison severed their Texas ties-- ultimately closing on the sale of their Houston homestead in February 2026. They fully integrated into the USVI community by obtaining USVI driver's licenses (relinquishing their Texas licenses), registering to vote in St. Thomas, moving their primary banking to a regional USVI institution, and submitting IRS Form 8822 to officially change their address. Professionally, Dakota initiated his formal application for admission to the Bar of the U.S. Virgin Islands, practicing under the supervision of Marjorie Rawls Roberts,

---

[3] . See 28 U.S.C. § 1446(b)(2)(C)(If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.)

P.C., in St. Thomas." (Dakota Decl.).  By any measure, by December of 2025, Dakota, Madison and their minor children were citizens of the U.S. Virgin Islands.

4. Until joined and served, Madison was **not** a party to the proceeding — and therefore not an "extant party" — at the original filing. At the time of removal the citizenship of the parties based upon the interest of the parties is illustrated in the table below: The parties and their citizenship at the time of removal are as follows:

| Party | Role | Citizenship / Domicile |
|---|---|---|
| Linda Goehrs | Plaintiff | Texas |
| Michelle Fontenot | Intervenor-Plaintiff | Texas |
| Dallas Joseph Fontenot III ("Joe") | Intervenor-Plaintiff | Texas |
| Dakota Fontenot | Defendant | U.S. Virgin Islands |
| Madison Fontenot | Defendant (newly joined) | U.S. Virgin Islands |
| S.F. and W.F. (Fontenot minor children) | (named in March 12, 2026 pleading) | U.S. Virgin Islands |

**II. LEGAL STANDARD AND TEXTUAL ANALYSIS OF 28 U.S.C. § 1446(b)**

5. For purposes of diversity jurisdiction and removal analysis intervenors are treated as Plaintiffs based upon the collision of interests standard.[4] *Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 159 (3d Cir.

---

[4] . As Michelle and Joe seek similar relief as Goehrs it is clear under this analysis that their interest align against Mandison, Dakota, and their minor children.

1995); *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69-70 (1941).  Madison, Dakota, (and their minor children) have colliding interests with Joe, Michelle, and Linda Goehrs (in her temporary trustee capacity).

6. The Fifth Circuit takes a plain meaning approach to interpreting removal statutes. The unambiguous language of the statue controls unless it leads to an absurd result.[5]  *Texas Brine Co. v. American Arbitration Ass'n,* 955 F.3d 482, 486 (5th Cir. 2020). The removal statutes must be read according to their plain text.

7. The plain text of 28 U.S.C. § 1446(b)(3) is unambiguous:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The statute expressly authorizes removal based on **post-filing developments** that make the case removable, in this case adding a party at a time complete diversity exists. The statute focuses on when the removing defendant first ascertains that the case "has become removable." This textual focus on the removing defendant's receipt of the triggering pleading aligns with the later-served defendant rule codified

---

[5]The absurdity bar is an exceptionally high bar The result must be preposterous, one that "no reasonable person could intend." *Texas Brin Co*. 955 F.3d at 486 *quoting* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 237 (2012)

in § 1446(b)(2)(B)–(C),[6] which gives **each defendant** its own independent 30-day clock.

7. In this case, the plaintiffs voluntarily added a new party, Madison. After applying the interests test as shown in the table above, complete diversity existed and the case was removable under the express language of 28 U.S.C., Section 1446(b)(3).   Cases removed under Section 1446(b)(3), "Diversity must be established at the time of removal." *Higgins v. EI DuPont de Nemours & Co.*, 863

---

[6] . The relevant provision is 28 U.S.C. § 1446(b), which provides in pertinent part:

> (b) **Requirements; generally.**— (1) **In general.**—The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (2) **When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.** (A) [same] (B) **Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.** (C) **If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.**
> (Emphasis added.)

F.2d 1162, 1166 (4th Cir. 1988)(permitting removal even though diversity did not exist at the time of the commencement of a suit if a voluntary act by the plaintiff created diversity).[7] In *Graff v. Qwest Communications Corp*., 33 F. Supp. 2d 1117, 1119 (D. Minn. 1999), the court determined that removal under 28 U.S.C. § 1446(b)(3) is not limited to voluntary dismissal but also applies when the Plaintiff changes his residence during the pendency of the action. Accord, *DeBry v. Transamerica Corp.,* 601 F.2d 480, 486-87 (10th Cir.1979); In *Crockett v. RJ Reynolds Tobacco Co.,* 436 F. 3d 529, 533 (5th Cir. 2006), the Fifth Circuit court expanded this doctrine to include Court actions that result in the creation of diversity so long as an appeal of the court action is not available. In this vein, *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996) is instructional. In *Caterpillar* diversity did not exist at the time of removal but did exist at the time of judgment. The Court determined that this did not create a subject matter jurisdiction issue. *Id*. at p. 77("In this case, however, no jurisdictional defect lingered through judgment in the District Court."). The instruction of *Caterpillar, Inc* is that subject matter jurisdiction exists so long as diversity exists before judgment, the only question is whether the removal was not accomplished in accordance with textual requirements of the statue. In this case, Madison filed her notice of removal 1) within thirty days of her receipt of 2) an

---

[7] . The Higgins court did note that if events such as dismissal were caused by a court order as opposed to an action by the Plaintiffs, a split in authority exists as to whether the case is removable since the court's decision could be reversed on appeal.

amended pleading 3) from which it could first be ascertained that the case is one which is, or has become, removable. As complete diversity existed at the time of Madison's removal, Madison complied with the statute.

### III. LEGISLATIVE HISTORY OF § 1446(b)(3)

8. The 2011 amendments to § 1446(b) (Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63) were enacted to resolve circuit splits and provide clarity on removal timing. The House Judiciary Committee Report states: "The Committee intends to codify the 'later-served defendant' rule … and to provide that each defendant has 30 days from service on that defendant to file a notice of removal. … The amendment also clarifies that a notice of removal may be filed within 30 days after receipt of an amended pleading or other paper from which it may first be ascertained that the case is one which is or has become removable." H.R. Rep. No. 112-10, at 14–15 (2011).

9. Congress specifically intended to protect later-joined or later-served defendants and to allow removal when post-filing changes (such as joinder of new parties, nonsuit of claims, or changes in citizenship) create removability.

10. Intervenors rely on *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996), which requires diversity at the time of the original state-court filing. That holding is limited to **"extant parties"** and removal under 28 U.S.C., 1441(b)— parties already in the case at the original filing. *Id.* Madison was not an extant party. She was joined for

the first time by the March 12, 2026 pleading. *Coury* therefore does not control. In *Coury* an extant defendant removed under 28 U.S.C. § 1441(b). Section 1441(b) requires jurisdiction at commencement because the language of 1441(b) requires the civil action in state court to be subject to the "original jurisdiction" of the federal court which means complete diversity at commencement because that is when the original jurisdiction of a federal court is measured.    The express language of 1446(b)(3) provides a new window for jurisdictional evaluation ("or has become removable").  Madison was not an extant party at the time of filing, and removal is not pursuant to 1441(b) but rather 1446(b)(3). To say that complete diversity must exist at the time of commencement, would require the court to disregard *Higgins, Graff, DeBry,* and the Fifth Circuit's opinion in *Crockett,* and the plain text of 1446(b)(3).  Complete diversity of citizenship existed at the time of her being served and her removing the case.  There can be no question that the amount in controversy exceeds $75,000.00.  The motion to remand must be denied.

### V. COSTS NOT APPROPRIATE

11. Finally, the Intervenors' request for fees is based on the unfounded accusation that the Defendants fabricated their USVI residency to thwart a March 2026 temporary injunction hearing. The objective, contemporaneous documentary evidence dispels this narrative. Dakota and Madison were executing real estate contracts and paying USVI school tuition in July 2025, completely independent of

and prior to the initiation of this lawsuit. Their relocation was a long-planned, life event, not a tactical litigation maneuver. Because complete diversity existed at the time of Madison's joinder, and the removal is anchored in a plain-text reading of 28 U.S.C. § 1446(b)(3), the Defendants had an objectively reasonable basis for seeking a federal forum. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The request for fees and costs must be denied.

## VI. SUMMARY AND CONCLUSION

12. The plain text of 28 U.S.C. § 1446(b)(3) is dispositive. Congress expressly provided that even if "the case stated by the initial pleading is not removable," a defendant may still remove upon receipt of an amended pleading "from which it may first be ascertained that the case... **has become removable**." The statutory language cannot be disregarded.

13. This language would be rendered meaningless if every removal under (b)(3) still required complete diversity at the time of the *original* filing. Unlike 28 U.S.C. 1441a ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction") which requires evaluation at the time of filing, 28 U.S.C. 1446(b)(3)("amended pleading … has become removable") provides a new window for evaluation: the time of the amended pleading. The statute's use of "has become" directly contemplates post-filing developments — precisely what occurred here when the Intervenors voluntarily joined Madison

individually on March 12, 2026, at a time when both Defendants were domiciled in the U.S. Virgin Islands.  To accept the Plaintiff's construction that evaluation must be made at the time of filing would render meaningless the "has become" language of 1446(b)(3), as no case could become removable if jurisdiction must be measured both at the time of filing and at the time of removal.

This Court should enforce the unambiguous statutory text, just as is done in other removal contexts. *See Texas Brine Co. v. American Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020) (enforcing plain text of removal statute (snap removal) despite counter-intuitive result).  The motion to remand must be denied.

## VII. PRAYER

For the foregoing reasons, the Court should **deny** the Motion to Remand and Request for Costs and Fees in its entirety.

Respectfully submitted,
/s/ Lloyd E. Kelley
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
kelley@lloydekelley.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **May 21, 2026**, via Federal *electronic filing manager (ECF)*.

/s/ Lloyd E. Kelley
Lloyd E. Kelley