Docusign Envelope ID: 405ECEB4-3CA7-8901-8198-5C8271E9E228

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERNDISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LINDA GOEHRS, in her capacity as Temporary Trustee of the Holi Ann Hardin Trust No. 1,** et al. | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action Number** **26-cv-02743** |
| | § § | |
| **DAKOTA FONTENOT,** **MADISON FONTENOT, et al.,** | § § § | **(Jury Demanded)** |
| **Defendants.** | § § | |

## DECLARATION OF MADISON FONTENOT
## CONCERNING DOMICILE AND CITIZENSHIP

I, Madison Fontenot, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct based upon my personal knowledge:

1.    My name is Madison Fontenot. I am over the age of eighteen and fully competent to make this declaration. I have personal knowledge of the facts stated herein.  I have reviewed the declaration of Dakota Fontenot with the attached exhibits, and the facts stated therein are true and correct.

2.    I am married to Dakota Fontenot. We have two minor children, ("S.F.") and ("W.F."). My husband's half-siblings (Joe and Michelle Fontenot) and the former temporary successor Trustee of a Trust created by my father-in-law, Linda

Docusign Envelope ID: 405ECFB4-3CA7-8901-8198-5C8271E9E228

Goehrs, (collectively referred to herein as the Goehrs Plaintiffs) have sued my husband and me in this matter. While I previously entered the state court probate proceedings strictly in a representative capacity as "Next Friend" to protect the interests of our minor children, I was not sued in my individual capacity until the Intervenors amended their petition on March 12, 2026. The claims against me individually specifically challenge transactions involving a United States Virgin Islands (USVI) entity. The Goehrs Plaintiffs are residents of Texas. My family and I are permanent residents of and are exclusively domiciled in the USVI.

3.    On or about July 2025—prior to the filing of the original lawsuit by the Trustee—my husband and I made the definitive decision to permanently relocate our family, our household, and our professional lives to St. Thomas. Our family's ties to the USVI began long before this Texas state court litigation commenced. My mother, father, brother, and sister have resided in St. Thomas, USVI, for more than a year prior to the initiation of this lawsuit. We relocated to be close to my immediate family and for our children to attend school here.

4.    On or about July 20, 2025, Dakota and I executed a binding Purchase and Sale Agreement to buy our permanent family home at 1-7 Bakkero, St. Thomas, USVI, 00802 (**See Exhibit 1** attached to the Declaration of Dakota Fontenot). On July 31, 2025, we paid the required 10% contract deposit on the home.

Docusign Envelope ID: 405ECFB4-3CA7-8901-8198-5C8271E9E228

5.      Demonstrating our intent to permanently sever our residential ties to Texas, we immediately enrolled our children in the local territory school system. On July 29, 2025, we submitted the applications for S.F. and W.F. to attend the Antilles School system in St. Thomas, USVI, and paid the required application fees (**See Exhibit 2** attached to the Declaration of Dakota Fontenot).

6.      We continued our relocation throughout August 2025. We organized our USVI holding company, Emerald Island Holdings, LLC, on August 14, 2025 (**See Exhibit 4** attached to the Declaration of Dakota Fontenot). On August 28, 2025, Emerald Island Holdings, LLC took title to our permanent family residence via a General Warranty Deed recorded in the USVI Official Records (**See Exhibit 5** attached to the Declaration of Dakota Fontenot), and we concurrently purchased long-term USVI property insurance (**See Exhibit 6** attached to the Declaration of Dakota Fontenot). While the initial corporate and deed filings for Emerald Island Holdings, LLC utilized our former Houston address for transitional administrative mailing purposes, this was done strictly for convenience while our permanent physical relocation was being structurally arranged, and did not alter our fixed, good-faith intent to completely abandon our Texas domicile.

7.      In September 2025, we began to physically move to the US Virgin Islands territory. We formally notified S.F.'s previous school in Houston, "School of the Woods," that we were permanently relocating to the USVI and withdrawing

her at the conclusion of the winter semester. I physically moved to St. Thomas with our children first, and we lived with my parents in St. Thomas while awaiting the final preparations for our permanent residence.

8.      To establish our permanent domestic utility infrastructure, we applied to the Virgin Islands Water and Power Authority (VIWAPA) for water and electricity service on September 19, 2025 (**See Exhibit 7** attached to the Declaration of Dakota Fontenot), and entered into a preventative infrastructure maintenance contract for a backup generator system on October 8, 2025 (**See Exhibit 8** attached to the Declaration of Dakota Fontenot).

9.      By December 2025, my husband arrived, and our entire family—along with our four family pets (three dogs and one cat)—completely moved into our permanent St. Thomas residence. Our home furniture, personal items, and all possessions were packed, shipped via maritime freight from Houston, Texas, and delivered directly to our home in St. Thomas. On or about February 20, 2026, we closed on the sale of our former Texas house located at 2926 Fontana Dr., Houston, Texas 77043. After that date, we did not own, lease, rent, or occupy any real estate, homes, condos, or apartments in Texas.

10.   I have fully integrated my civic, religious, and personal life into the St. Thomas, USVI community:

**Civic and Religious Memberships**: My family and I are members of the St. Thomas Reformed Church, where we attend services and donate. I am

also an active member of the Original Rotary Club of District 7020 & the U.S. Virgin Islands (Rotary Club of St. Thomas).

**Governmental and Licensing Indicia**: I have successfully obtained my permanent U.S. Virgin Islands driver's license, which legally required me to relinquish my Texas driver's license to the territory. I am a registered voter in St. Thomas. I have also submitted IRS Form 8822 (Change of Address) to the Internal Revenue Service to officially document my permanent move.

**Financial Infrastructure**: I maintain my separate personal checking account at Merchants Bank, a local Virgin Islands banking institution.

**Medical and Personal Care**: Our family's primary care practitioner is Dr. John Lenahan at Red Hook Family Practice in St. Thomas. Our medical treatment providers are located here in the territory, and our family prescriptions are exclusively managed and filled at the St. Thomas Walgreens location.

11. I was not a party to this lawsuit in my individual capacity when it was originally filed by the Trustee in August 2025. I was pulled into this case individually for the very first time by the Intervenors' amended pleading on March 12, 2026.

12. At the time I was sued individually on March 12, 2026, and at the time the Notice of Removal was filed in April 2026, and at all times thereafter, my husband, my children, and I were permanent resident citizens and were exclusively domiciled in the U.S. Virgin Islands. We have no intent to change our residence, citizenship, or domicile.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5/21/2026
Executed on this _____ day of May, 2026.

Signed by:

Madison Fontenot
_____

MADISON FONTENOT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **May 21, 2026**, via Federal *electronic filing manager (ECF)*.

<u>/s/ Lloyd E. Kelley</u>
Lloyd E. Kelley