**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LINDA GOEHRS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-02743 |
| | § | |
| MADISON FONTENOT, ET AL. | § | |

**INTERVENORS' REPLY IN SUPPORT OF MOTION TO REMAND**

Intervenors Michelle Fontenot ("Michelle") and Dallas Joseph Fontenot III ("Joe") file this Reply in Support of their Motion to Remand.

Madison does not dispute that Dakota was a Texas citizen at the time this action was filed in August of 2025 and instead claims that Dakota's citizenship in August is irrelevant. Filing an amended complaint that adds new parties does not trigger a new assessment of the citizenship of *continuing parties* already in the case—those parties remain bound by their citizenship as it existed at the original commencement of the action. Dakota's post-filing purported change of citizenship does not transform this case into one over which this Court has subject matter jurisdiction, and accordingly remand is proper.

**ARGUMENT AND AUTHORITIES**

Madison's arguments and interpretation of 28 U.S.C. § 1446(b) are squarely at odds with the well-settled rule that a Defendant's post-filing change in domicile does not affect diversity jurisdiction. *See, e.g., Scott v. Communications Services,*

1

*Inc.*, 762 F. Supp. 147, 151 (S.D. Tex. 1991) (Hughes, J.). Accordingly, because diversity did not exist at the time this action was filed in August of 2025, this Court lacks subject matter jurisdiction and remand is proper.

Madison relies on the "becomes removable" language in 28 U.S.C. § 1446(b)(3) and essentially asks this Court to completely disregard the time-of-filing rule. Madison appears to contend that the removal statute expressly authorizes removal based on *any* "post-filing developments that make the case removable." *See* Dkt. No. 12, ¶ 7. Such an interpretation would render the time-of-filing rule meaningless. Instead, the "becomes removable" language and the cases applying this narrow exception to the time-of-filing rule only applies when the action becomes removable *by a voluntary act of the plaintiff*, not by any post-filing development such as a Defendant's change in domicile. "'[W]here the case is not removable because of joinder of defendants,' *only* 'the voluntary dismissal or nonsuit [by the plaintiff] of a party or of parties defendant' can convert a non-removable case into a removable one." *Hoyt v. Lane Construction Corp.*, 927 F.3d 287 (5th Cir. 2019) (emphasis in original). This "voluntary-involuntary" or "voluntary dismissal" rule provides that "an action nonremovable when commenced may become removable thereafter *only by the voluntary act of the plaintiff*." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006) (emphasis added). The quintessential example of an action that "becomes removable" that may be properly removed even

2

35205272.v2

though diversity did not exist at the time of the original filing is when the plaintiff voluntarily dismisses the non-diverse defendant, leaving only diverse parties in the action. In such a situation, by voluntarily dismissing the non-diverse party, the plaintiff is deemed to have waived its right to select the state court forum, and the remaining diverse defendant may remove the case within 30 days.

By contrast, here, neither Plaintiff nor Intervenors took any voluntary action to create diversity. Madison appears to rely on the filing of Intervenors' Third Amended Petition as the "voluntary act" that purportedly created diversity and made this case removable. But it was not the mere filing of the amended complaint that purportedly created diversity; instead, it was Dakota's alleged change in domicile during this lawsuit. Filing an amended complaint does not in itself create diversity. *See Sena v. Kowalski*, No. 1:25-cv-00728-SMD-GBW, 2026 WL 674505 (D. New Mexico, March 10, 2026). Dakota and Madison also must rely on a change of domicile of a continuing party, which is neither a voluntary act by Intervenors nor a permissible inquiry under well-settled law that fixes citizenship of a party to the time of filing of the action. Just as this action did not become removable when Plaintiffs and Intervenors filed their Amended pleadings in January, asserting additional claims against Dakota after he and Madison claim they changed their domicile to the Virgin Islands, this action did not become removable when Intervenors learned of concerted wrongdoing by Madison and added appropriate claims against her. *See*

3

35205272.v2

*Gillespie v. Dring*, No. 3:15-CV-00950, 2021 WL 4989888 (M.D. Pennsylvania Oct. 27, 2021); *see also Tyler v. Bonaparte's Fried Chicken*, 610 F.Supp. 58 (M.D. Louisiana 1985). Moreover, contrary to Madison's arguments, a later-added defendant's new *procedural* window to remove an action does not usurp the substantive requirements for subject matter jurisdiction. *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) ("The stability provided by our time-tested rule weighs heavily against the approval of any new deviation."); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, n.5 (2025) (explaining that the time-of-filing rule "evaluates a party's citizenship (e.g., whether the defendant is in fact from New York) at the time a suit is brought, and never again later").

Notably, Madison does not cite a single case in which a Court determined diversity jurisdiction by disregarding the citizenship of a continuing party at the time the case was filed and instead solely considering the continuing party's citizenship at the time of removal after a change in domicile. On the contrary, several courts have addressed this very issue and determined that the addition of a newly-added party, even if diverse, is 1) *not* a voluntary act that would allow a previously non-removable action to become removable and 2) does not justify re-evaluation of the citizenship of an existing defendant. *See Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375 (N.D. Georgia 1999); *Sena v. Kowalski*, No. 1:25-cv-00728-SMD-GBW, 2026 WL 674505 (D. New Mexico, March 10, 2026).

4

35205272.v2

In *Oh v. Ford Motor Co.*, an original defendant at the time the action was commenced in state court was a citizen of Georgia, which precluded federal diversity jurisdiction. After the Georgia defendant had moved to California, the plaintiffs filed an amended complaint, adding claims against Ford Motor Company. Ford then removed the case to federal court on the basis of diversity jurisdiction, and the plaintiffs sought remand. On remand, the court rejected Ford's argument that "diversity should be determined when it was added as a defendant by the filing of the Amended Complaint," writing in support of the "traditional" time-of-filing rule:

> Removal is disruptive of ongoing state court proceedings, and the traditional rule has the benefit of simplicity and avoidance of repeated challenges to state court jurisdiction. Ford has offered no compelling policy reasons to depart from the well established rule that diversity is determined based on the citizenship of the parties at the time the Complaint is filed…Based on the citizenship of the parties at the time the Complaint was filed, there is no diversity jurisdiction.

*Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375 (N.D. Georgia 1999); *see also Sena v. Kowalski*, No. 1:25-cv-00728-SMD-GBW, 2026 WL 674505 (D. New Mexico, March 10, 2026) (recognizing "that once an action commences with the filing of the initial complaint, a party's subsequent change of domicile does not affect the presence or absence of diversity jurisdiction" and rejecting the argument that an amended complaint adding a new party after an original party claimed to have acquired a new domicile was a voluntary act by the plaintiff that made the case removable).

5

"Because removal deprives the state court of an action properly before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008); *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007). These concerns are particularly prevalent here, where the notice of removal was filed in the middle of a state court hearing to amend a Temporary Injunction order against Dakota. To the extent this Court has any doubts about the propriety of Madison's removal, those must be resolved in favor of remand to the Harris County Probate Court No. One.

Finally, as discussed in Intervenors' Motion to Remand, attorneys' fees and costs are appropriate. Intervenors do not base their request for attorneys' fees and costs on an "accusation that the Defendants fabricated their USVI residency," but rather on the lack of an objectively reasonable basis to remove the case. It is indisputable that Dakota was domiciled in Texas at the time the lawsuit was filed in August of 2025. Indeed, the evidence attached by Madison, though self-serving and largely inadmissible, confirms Dakota's Texas domicile in August 2025, as Dakota and Madison both admit that they did not physically move to the Virgin Islands until December, the utility bills attached still reference their Texas home as the billing address, and the text messages to friends state they were not moving until December. Madison does not cite any authority that would provide her with an objectively

6

35205272.v2

reasonable basis to completely disregard the time-of-filing rule. Accordingly, an award of attorneys' fees and costs are justified against Madison and Dakota jointly and severally. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Intervenors Michelle Fontenot and Dallas Joseph Fontenot III, respectfully request that this matter be remanded to Probate Court No. One of Harris County, Texas, that the Court hold Dakota Fontenot and Madison Fontenot jointly and severally liable for all costs and attorneys' fees associated with the removal action, and for all other and further relief to which the Court finds Michelle and Joe entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By:    */s/ Ryan O. Cantrell*
Ryan O. Cantrell, Attorney-in-Charge
Texas Bar No. 24055259
Southern District of Texas No. 726506
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
Southern District of Texas No. 3663234
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone:  (713) 658-1818
Facsimile:  (713) 658-2553

**ATTORNEYS FOR MICHELLE FONTENOT AND DALLAS JOSEPH FONTENOT III**

35205272.v2

## <u>CERTIFICATE OF SERVICE</u>

On May 28, 2026, pursuant to Federal Rule of Civil Procedure 5, a correct copy of this pleading was sent to all parties of record through the Court's electronic case filing system.

/s/ Ryan O. Cantrell
Ryan O. Cantrell

8

35205272.v2