FILED
03/18/2026 2:48:13 PM
Teneshia Hudspeth
County Clerk
Harris County, Texas
mia.hernandez

CAUSE NO. 537,721

| | | |
|---|---|---|
| LINDA GOEHRS, AS TRUSTEE OF THE HOLLI ANN HARDIN TRUSTS NO. 1, *Plaintiff,* | § § § § § § § § § § | IN THE PROBATE COURT |
| v. | | NUMBER ONE (1) OF |
| DAKOTA FONTENOT, *Defendant* | | HARRIS COUNTY, TEXAS |

## TEMPORARY INJUNCTION

On this day, came on for consideration the Application for Temporary Injunction filed on January 16, 2026, by Plaintiff LINDA GOEHRS ("Plaintiff"), in her capacity as Successor Trustee of the Holli Ann Hardin Trust Number One, and the Application for Temporary Injunction filed by Intervenors MICHELLE FONTENOT and DALLAS JOSEPH FONTENOT III (collectively with Plaintiff, "Applicants"), against Defendant DAKOTA FONTENOT ("Defendant"). The Court conducted an evidentiary hearing on March 6, 9, and 13, 2026. Having considered the Applications, the evidence adduced at hearing, and the arguments of counsel, the Court finds that both Applications are well taken and should be in all things GRANTED.

## FINDINGS

The Court finds that Applicants have demonstrated a probable right to recover on their claims against Defendant, including claims for breach of fiduciary duty, fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, and related causes of action arising from Defendant's conduct in connection with the sale of Entertainment Marketing & Management, Ltd. and associated entities.

The Court finds that, unless a Temporary Injunction is granted, Applicants will suffer probable, imminent, and irreparable harm, including the loss or further dissipation of assets that are the subject of this litigation and the inability to recover those assets or the value thereof through an award of money damages at trial.




The Court finds that Applicants have no adequate remedy at law. The evidence supports a finding that assets traceable to the proceeds of the sale of Entertainment Marketing & Management, Ltd. have been transferred or are at risk of further transfer or dissipation during the pendency of this litigation, such that a money judgment at trial would be an inadequate remedy. The threatened injury to Applicants outweighs any harm to Defendant from the granting of this Temporary Injunction, and this Temporary Injunction will not disserve the public interest.

The Court finds that this Temporary Injunction is necessary to prevent irreparable injury to Applicants pending trial on the merits.

## ORDER

For the foregoing reasons, pursuant to Texas Civil Practice and Remedies Code § 65.011, Texas Rules of Civil Procedure 680–684, and Texas Business and Commerce Code §24.008, it is HEREBY ORDERED as follows:

a.  Within **15 days** of the date of this Order, Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are ORDERED to deposit **$2,174,500.00** (representing all proceeds received under the Partnership Interest Purchase Agreement) into the registry of this Court.

b.  Within **10 days** of the date of this Order, Defendant Dakota Fontenot is ORDERED to produce the following documents in native format with all accompanying metadata:

   i.  Documents relating to the creation and formation of Emerald Island Holdings, LLC, including any company agreements, formation documents, charters, amendments, and correspondence relating to its establishment or creation from January 1, 2025 to the present;

   ii.  All documents reflecting any transfer of interest in or sale of Emerald Island Holdings, LLC, including contracts, purchase orders, assignments of interest, correspondence, and deeds from January 1, 2025 to the present;

   iii.  Wire transfer confirmations, transmittal emails, and bank account statements relating to the sale of BFD GP, LLC, BFD LP, LLC, and Entertainment Marketing



Page 3 of 4    Wednesday, March 18, 2026    County Clerk Harris County, Texas

& Management, Ltd., and the Partnership Interest Purchase Agreement and any amendments or supplements thereto;

iv.   Any amendments or supplements to the Partnership Interest Purchase Agreement, including all drafts and all communications regarding amendments or supplements thereto;

v.   Documents relating to the purchase, acquisition, or lease of real property in the U.S. Virgin Islands, including all lease agreements, contracts, and communications;

vi.   Documents relating to the sale of the property located at 2926 Fontana Drive, including contracts, correspondence, payment receipts, settlement statements, and proof of payment;

vii.   Documents relating to any loans with Amir Shenaq and/or Sheila Shenaq, including emails, correspondence, notes, text messages, contracts, and any support or justification for any loan agreement or loan forgiveness; and

viii.   Communications and contracts with Amir Shenaq, Sheila Shenaq, Ardalan Attar, Christian Attar, Kyle Kinsel, and Zack Truesdale regarding Entertainment Marketing & Management, Ltd., the Partnership Interest Purchase Agreement and any amendments or supplements thereto, and any payments related thereto, including all text messages and electronic correspondence.

c.   Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are RESTRAINED from spending, transferring, distributing, encumbering, pledging, or assigning any funds or assets held in any bank account or financial account in his name or under his control at any financial institution.

d.   Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are RESTRAINED from spending, transferring, distributing, encumbering, pledging, or assigning any proceeds or assets traceable to any payments received in connection with the sale of BFD GP, LLC, BFD LP, LLC, Emerald Island Holdings, LLC,



and Entertainment Marketing & Management, Ltd., including any payments made pursuant to the Partnership Interest Purchase Agreement and any amendments or supplements thereto.

e. Within **90 days** of the date of this Order, Defendant Dakota Fontenot shall provide a written, sworn accounting describing and detailing the distribution of all proceeds received pursuant to the Partnership Interest Purchase Agreement or any amendments or supplements thereto, including tracing such proceeds from Defendant's personal accounts and any transfers to or from personal accounts. The sworn accounting shall be accompanied by account statements for any account that has held proceeds traceable to the Partnership Interest Purchase Agreement from June 1, 2025 to the present, as well as all closing, sale, and loan documents reflecting assets acquired with funds traceable to such proceeds from June 1, 2025 to the present.

IT IS FURTHER ORDERED that, prior to the issuance of the writ of injunction, Applicants shall file with the Clerk of this Court a bond in the amount of **$1,000.00**, payable to Defendant, executed and conditioned as required by Texas Rule of Civil Procedure 684.

IT IS FURTHER ORDERED that this Temporary Injunction is binding upon Defendant Dakota Fontenot and his officers, agents, servants, employees, and attorneys, and upon any persons or entities in active concert or participation with him who receive actual notice of this Temporary Injunction.

IT IS FURTHER ORDERED that this Temporary Injunction shall remain in full force and effect until the conclusion of the trial on the merits of this cause, or until further order of this Court.

The Clerk of this Court shall issue a Writ of Temporary Injunction in conformity with law upon the filing of the bond required herein.

Trial on the merits of this cause shall be set by the court by separate order.

All relief not expressly granted herein is DENIED.

Signed: 03/18/2026
12:01:23 PM

JUDGE JERRY SIMONEAUX
Harris County Probate Court No. 1

Page 4 of 4   Wednesday, March 18, 2026   County Clerk Harris County, Texas





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This March 18, 2026

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Confidential information may have been redacted from the document in compliance with the Public Information Act.