FILED
04/07/2026 3:22:37 PM
Teneshia Hudspeth
County Clerk
Harris County, Texas
mia.hernandez

CAUSE NO. 537,721

| | | |
|---|---|---|
| LINDA GOEHRS, IN HER CAPACITY AS TRUSTEE OF THE HOLLI ANN HARDIN TRUST NUMBER ONE<br>*Plaintiff,*<br><br>v.<br><br>DAKOTA FONTENOT<br>*Defendant.* | § § § § § § § § § § | IN PROBATE COURT<br><br><br><br>NUMBER ONE OF<br><br><br><br>HARRIS COUNTY, TEXAS |

## Modified
## TEMPORARY INJUNCTION

Plaintiff Linda Goehrs, Successor Trustee of the Holli Ann Hardin Trust Number One, and Intervenors Michelle Fontenot and Dallas Joseph Fontenot III have both filed respective Applications for a Temporary Injunction (Plaintiff and Intervenors are collectively referred to herein as "Applicants"). Plaintiff's Application for Temporary Injunction and Intervenor's Application for Temporary Injunction are GRANTED. The Court FINDS as follows:

Applicants for a Temporary Injunction have met their burden to show a likelihood of success on the merits of their causes of action for breach of fiduciary duty, negligent misrepresentation, fraudulent inducement, fraud by nondisclosure, Texas Theft Liability Act, unjust enrichment, money had and received, fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, and conspiracy. Specifically, the Court finds that the evidence tends to support a finding that among other causes, Defendant Dakota Fontenot breached his fiduciary duties to Plaintiff and Intervenors and misappropriated assets belonging to the Holli Ann Hardin Trust Number One in connection with the sale of HFR Enterprises, Ice Embassy, and Entertainment Marketing & Management by engaging in self-dealing to the detriment of the Trust. The Court further finds that at all relevant times Madison Fontenot was acting as director and officer of HFR Enterprises and Ice Embassy. The evidence supports a finding that Madison Fontenot likewise breached fiduciary duties owed to Plaintiff and Intervenors. The evidence supports a finding that in August 2025, Dakota Fontenot and Madison Fontenot created an entity in the U.S. Virgin Islands called Emerald Island Holdings, LLC, used the misappropriated assets from the sale of Entertainment Marketing & Management, Ltd. to purchase real property in the name of the entity. The evidence further supports a finding that during the pendency of this litigation, Dakota Fontenot and Madison Fontenot transferred the entity to Madison's parents and received no cash consideration for the transfer, but continued to exercise control over the assets of the entity. The evidence further supports a finding that on March 5, 2026, the day before the Temporary Injunction hearing was set, Dakota Fontenot released any right to the $937,500 in future payments under the Partnership Interest Purchase Agreement in exchange for a significantly reduced lump sum payment of $575,000, and subsequently Dakota Fontenot and Madison Fontenot transferred at least a portion of the lump sum payment to Madison's parents for an alleged

1

EXHIBIT
2

Page 2 of 4    Thursday, August 13, 2026    County Clerk Harris County, Texas

lease of the real property originally purchased by Dakota and Madison, while the Temporary Injunction proceedings were in progress.

Further, Applicants have no adequate remedy at law for the harm being suffered. The evidence supports a finding that Dakota is currently insolvent and judgment-proof or would become insolvent and judgment-proof upon an award of damages against him in this case. The evidence, including Dakota Fontenot's release of future payments under the Partnership Interest Purchase Agreement in exchange for a lump sum payment the evening before the Temporary Injunction hearing, further supports a finding that Dakota Fontenot has engaged and is likely to engage in conduct to hinder, delay, and defraud creditors, such that Applicants would have no adequate remedy at law and would be irreparably harmed if this Temporary Injunction is not entered. Given the evidence of Dakota Fontenot's engagement in conduct to attempt to transfer assets out of his name with the assistance of Madison Fontenot and her parents during the pendency of this litigation to hinder, delay, and defraud creditors, and Dakota Fontenot's insolvency, Applicants would suffer extreme hardship if this Injunction were not entered. The evidence supports a finding that Dakota Fontenot has made transfers to insiders, retained possession or control of the transferred assets after the transfer, concealed the transfers, made the transfers during the pendency of this litigation, and became insolvent shortly after the transfers, reflecting Dakota Fontenot's actual intent to hinder, delay, and defraud creditors—specifically, Applicants. The evidence supports a finding that Applicants have been damaged by Dakota Fontenot's transfers of assets as discussed *supra*, and an extreme necessity exists to prevent Dakota from further dissipating misappropriated proceeds received from the sale of Entertainment Marketing & Management, Ltd. The Court finds that this Order is necessary to prevent irreparable injury and extreme hardship.

For these reasons, pursuant to Texas Civil Practice and Remedies Code § 65.011, Texas Rules of Civil Procedure 680-684, Texas Business and Commerce Code § 24.008, and the Court's inherent authority to order disputed funds placed into the registry of the Court, IT IS HEREBY ORDERED THAT:

a. Within 15 days of the date of this Order, Dakota Fontenot and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are ORDERED to deposit $2,387,000 (all proceeds received under the Partnership Interest Purchase Agreement) in the registry of the Court;

b. Within 10 days of the date of this Order, Defendant Dakota Fontenot and Madison Fontenot are ORDERED to produce, in native format with any and all accompanying metadata:

    a. Documents relating to the creation, formation of Emerald Island Holdings, LLC, including any company agreements, formation documents, charters, amendments, or related documents, and any correspondence with any party relating to the establishment or creation of Emerald Island Holdings, LLC from January 1, 2025 to the present;



Page 3 of 4    Thursday, August 13, 2026    County Clerk Harris County, Texas

b. Any and all documents reflecting any transfer of interest or sale of Emerald Island Holdings, LLC, including any contracts, purchase orders, assignment of interest, correspondence, deeds, or related documents to any transfer from January 1, 2025 to the present;

c. Documents reflecting any wire transfer confirmations, transmittal emails, and bank account statements that relate to the sale of BFD GP, LLC, BFD LP, LLC, and Entertainment Marketing & Management, Ltd. and the Partnership Interest Purchase Agreement between Colorado Rose, LLC, BFD GP, LLC, BFD LP, LLC, Entertainment Marketing & Management, Ltd., and Dakota Fontenot (the "Partnership Interest Purchase Agreement") and any amendments or supplements thereto, Entertainment Marketing & Management, Ltd. or received any proceeds from the sale of Entertainment Marketing & Management, Ltd.;

d. Any amendments or supplements to the Partnership Interest Purchase Agreement, including any drafts, and all communications with Amir Shenaq, Sheila Shenaq, Ardalan Attar, Christian Attar, Kyle Kinsel, Zack Truesdale, any agents or representatives of Colorado Rose, LLC, and any agents or representatives of Cle Group SKZ Real Estate, LLC regarding any amendments or supplements to the Partnership Interest Purchase Agreement;

e. Communications and contracts with Emerald Island Holdings, LLC, Amir Shenaq, Sheila Shenaq, Ardalan Attar, Christian Attar, Kyle Kinsel, Zack Truesdale, Colorado Rose, LLC, and/or Cle Group SKZ Real Estate, LLC, regarding Entertainment Marketing & Management, Ltd., the Partnership Interest Purchase Agreement and any amendments or supplements thereto, and payments for the sale of Entertainment Marketing & Management, Ltd., including any text messages and electronic correspondence;

f. Documents relating to the purchase, acquisition, or lease of real property in the U.S. Virgin Islands, including any and all lease agreements, contracts, and communications;

g. Documents relating to the sale of the 2926 Fontana Drive property, including contracts, written correspondences, payment receipts, settlement statements, and proof of payments;

h. Documents relating to any loans with Amir Shenaq and/or Sheila Shenaq, including any emails, written correspondence, notes, text messages, electronic correspondence, contracts, support or justification for any loan agreement and/or loan forgiveness.

c. Dakota Fontenot and Madison Fontenot, their officers, agents, servants, employees, attorneys, and any person in active concert with them who receive actual notice of this order by personal service or otherwise, are prohibited from spending, transferring,

3



distributing, encumbering, pledging, or assigning any proceeds or assets held in any bank account in either of their names at any financial institution;

d.  Dakota Fontenot, his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this order by personal service or otherwise, are restrained from spending, transferring, distributing, encumbering, pledging, or assigning any proceeds or assets traceable to any payments for the sale of BFD GP, LLC, BFD LP, LLC, Emerald Islands, LLC, and Entertainment Marketing & Management, Ltd., as well as any subsidiaries, successor entities, assigns, or transferees, including any payments made pursuant to the Partnership Interest Purchase Agreement;

e.  Dakota Fontenot, Colorado Rose, LLC, Cle Group SKZ Real Estate, LLC, including each of their agents, officers, members, affiliates, and assignees, shall be required to deposit any payments received under the Partnership Interest Purchase Agreement and any amendments or supplements thereto, and any future amounts payable to Dakota Fontenot under the Partnership Interest Purchase Agreement and any amendments or supplements thereto, into the registry of the Court, including payments pursuant to Section 1.2(a)(ii) and 1.2(a)(iii) of the Partnership Interest Purchase Agreement;

f.  Within 90 days of this Order, Dakota Fontenot shall provide a written, sworn accounting that describes and details the distribution of all proceeds received pursuant to the Partnership Interest Purchase Agreement or any amendments or supplements thereto, including any proceeds or assets traceable to any payments made pursuant to the Partnership Interest Purchase Agreement and any amendments or supplements thereto, including any amendments or supplements thereto, and including tracing the payments from Dakota's personal accounts and transfers of such proceeds to/from personal accounts. Dakota Fontenot is further ordered to provide account statements for any account holding or that has held any proceeds traceable to receipts from the Partnership Interest Purchase Agreement from June 1, 2025 to the present as well as any and all closing, sale, loan documents reflecting assets acquired with funds traceable to such proceeds from June 1, 2025 to the present.

IT IS FURTHER ORDERED that this Temporary Injunction is binding upon Defendants Dakota and Madison Fontenot and their officers, agents, servants, employees, and attorneys, and upon any persons or entities in active concert or participation with him or her who receives actual notice of this Temporary Injunction.

The Clerk shall issue a Temporary Injunction in conformity with the law upon the individuals listed herein upon the filing of bond in the amount of $1,000.00 as set by this Court as required by Texas Rule of Civil Procedure 684.

Trial of this matter is set for __January 4, 2027 at 9:00 am__

Signed: 04/07/2026
2:30:32 PM

NB:  No Notice of Removal was on file with the Clerk at the time of the signing of this order. 28 U.S.C. § 1446(d)

Judge Jerry Simoneaux

4

Page 4 of 4    Thursday, August 13, 2026    County Clerk Harris County, Texas





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This August 13, 2026

Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.