**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LINDA GOEHRS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| MADISON FONTENOT and | § | |
| DAKOTA FONTENOT, | § | CIVIL ACTION NO. 4:26-cv-02743 |
| | § | |
| *Defendants*, | § | |
| | § | |
| DALLAS JOSEPH FONTENOT III | § | |
| and MICHELLE FONTENOT, | § | |
| | § | |
| *Intervenors*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Linda Goehrs, as Trustee of the Holli Ann Hardin Trust Number One, Intervenors Michelle Fontenot and Dallas Joseph Fontenot III, and Defendants Dakota Fontenot and Madison Fontenot submit this Joint Discovery/Case Management Plan pursuant to Fed. R. Civ. P. 26(f).

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The Parties conferred via Teams call on August 17, 2026. Rudy Culp participated for Plaintiff Linda Goehrs. Mariah Karigan participated for Intervenors Michelle Fontenot and Dallas Joseph Fontenot III. James D. Pierce and Paul Beik

participated for Defendant Dakota Fontenot. Lloyd Kelley participated for Defendant Madison Fontenot.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. <u>Briefly</u> describe what this case is about.**

Plaintiff and Intervenors allege that Defendant Dakota Fontenot breached his fiduciary duty to the Trusts and misappropriated assets belonging to the Trust. Defendants deny these allegations and Defendant Dakota Fontenot has asserted counterclaims against Plaintiff and Intervenors, alleging that Plaintiff breached her fiduciary duty.

**4. Specify the allegation of federal jurisdiction.**

Defendant Madison Fontenot removed this case based on diversity jurisdiction under 28 U.S.C. § 1332.

**5. Name the parties who disagree and the reasons.**

Intervenors Michelle and Joe filed a Motion to Remand (ECF No. 8), which was fully briefed. The Court denied a motion to remand on June 30, 2026 (ECF No. 14).

Defendants Dakota and Madison also contend that this Court does not have jurisdiction to enforce state court orders that they contend are void.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties agree that any joinder of additional parties should be made by October 19, 2026.

**7. List anticipated interventions.**

None identified at this time.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Intervenors provided state court initial disclosures prior to removal. The Parties agree that each party should make initial disclosures required by Federal Rule 26(a) by September 18, 2026.

**10. Describe the proposed agreed discovery plan, including:**

a. Responses to all the matters raised in Rule 26(f).

Counsel for Dakota Fontenot will circulate a proposed confidentiality order to the Parties.

Counsel for Intervenors will circulate a proposed ESI protocol to the Parties.

b. When and to whom the plaintiff anticipates it may send interrogatories.

The parties may send ordinary written discovery to each other.. The timing, scope and number will be governed by the Federal Rules of Civil Procedure.

c. When and to whom the defendant anticipates it may send interrogatories.

Defendants may send interrogatories to Plaintiff and Intervenors. The timing will be governed by the Federal Rules of Civil Procedure.

d. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff and Intervenors may take the deposition of any witness subject to the Federal Rules of Civil Procedure.

e. Of whom and by when the defendant anticipates taking oral depositions.

Defendants may take the deposition of any witness subject to the Federal Rules of Civil Procedure. Defendants anticipate at a minimum the depositions of Linda Gohers, Michelle Fontenot and Dallas Joseph Fontenot III.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff/Intervenors/Party with the Burden of Proof on an Issue: January 29, 2027

Defendants/Opposing Party: March 2, 2027

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

Plaintiff/Intervenors/party with the burden of proof may depose any expert witness, subject to the Federal Rules of Civil Procedure.

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants/opposing party may depose any expert witness, subject to the Federal Rules of Civil Procedure.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Intervenors sent written discovery to Defendant Dakota Fontenot in state court prior to removal. Plaintiff and Intervenors also took the oral deposition of Defendant Dakota Fontenot prior to removal.

**13. State the date the planned discovery can reasonably be completed.**

April 19, 2027

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties agree to attempt mediation no later than 30 days before trial.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties previously attempted mediation before the initiation of the lawsuit. The Parties agree to mediate no later than 30 days before trial.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties do not believe mediation is appropriate at this time. The Parties agree to mediate no later than 30 days before trial.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not all consent to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A timely jury demand has been made.

**19. Specify the number of hours it will take to present the evidence in this case.**

The Parties anticipate that trial will take 7 days.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No pending motions will be fully briefed before the initial pretrial and scheduling conference.

**21. List other motions pending.**

ECF No. 15, Intervenors' Motion for an Order to Show Cause Why Dakota Fontenot Should Not Be Held in Contempt. Defendants intend to challenge such motion as being in bad faith because the motion is grounded in orders that Defendants contend Plaintiffs have admitted are void, or were issued subsequent to removal.

Dakota Fontenot's Application for Interim Relief Under Texas Trust Code Section 114.008 filed in State Court on November 26, 2025.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendants believe their location in the US Virgin Islands may raise logistical concerns and that certain witness be permitted to participate by virtual means. Plaintiff and Intervenors believe this has been addressed by the Court's Order denying Madison Fontenot's Motion to Transfer.

During the Parties' conference, Defendants also discussed their contention that the state court temporary injunctions are void.

Defendants' Statement: During the Parties' conference, discussed Plaintiff does not have legal authority to represent the Trust and to stop making distributions to Michelle and Joe for attorneys' fees. Dakota filed a motion in state court raising the distribution issues on November 26, 2025 in a motion titled Dakota's Application for Interim Relief Under Texas Trust Code § 114.008. As of the date of this Joint Discovery/Case Management Plan, no ruling has been made on this motion. Plaintiffs and Intervenors contend it is not appropriately resolved at the conference.

Plaintiff/Intervenors' Statement: During the Parties' conference, Defendants raised their contention that Plaintiff does not have legal authority to represent the Trust and to stop making distributions to Michelle and Joe for attorneys' fees. Dakota filed a motion in state court raising the distribution issues on November 26, 2025 in a motion titled Dakota's Application for Interim Relief Under Texas Trust Code § 114.008. As of the date of this Joint Discovery/Case Management Plan, no ruling has been made on this motion. This Application was not set for hearing, and Plaintiffs and Intervenors contend it is not appropriately resolved at the conference. As of the date of this Joint Discovery/Case Management Plan, no motion has been filed challenging the Trustee's authority to represent the Trust. On September 24, 2025, the state court heard argument on Dakota's claim that the Trustee lacked standing, and determined that she had standing.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff

TEXAS PROBATE ATTORNEY, PLLC
Rudolph M. Culp
State Bar No. 24043014
rudy@texasprobateattorney.com
Baily D. Bowe
State Bar No. 24142201
bailey@texasprobateattorney.com
24 Greenway Plaza, Suite 1825
Houston, Texas 77046

(713) 297-0700

Counsel for Intervenors

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
Ryan O. Cantrell, Attorney-in-Charge
Texas Bar No. 24055259
Southern District of Texas No. 726506
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
Southern District of Texas No. 3663234
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

Counsel for Defendant Dakota Fontenot

Paul Stephen Beik
BEIK LAW FIRM, PLLC
paul@beiklaw.com
440 Louisiana St., Suite 1800
Houston, TX 77002
713-869-6975

James D. Pierce
jim@jamespierce.com
SBN 15994500
115 Guenther St.
Sugar Land, TX 77478
713-419-3775

Counsel for Defendant Madison Fontenot

Lloyd Earl Kelley
THE KELLEY LAW FIRM
kelley@lloydekelley.com
2726 Bissonnet, Ste 240, PMB 12
Houston, TX 77005
281-492-7766

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By: */s/ Ryan O. Cantrell*
Ryan O. Cantrell, Attorney-in-Charge
Texas Bar No. 24055259
Southern District of Texas No. 726506
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
Southern District of Texas No. 3663234
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
*Attorneys for Michelle Fontenot and Dallas Joseph Fontenot III*

**and**

*/s/ Rudy M. Culp (w permission)*
Rudolph M. Culp
State Bar No. 24043014
rudy@texasprobateattorney.com
Bailey D. Bowe
State Bar No. 24142201
bailey@texasprobateattorney.com

24 Greenway Plaza, Suite 1825
Houston, Texas 77046
O: (713) 297-0700
F: (682) 428-8137
*Attorneys for Linda Goehrs, Temporary Successor Trustee*

**and**

*/s/ James D. Pierce (w permission)*
James D. Pierce
SBN 15994500
115 Guenther St.
Sugar Land, Texas 77478
713-419-3775
jim@jamespierce.com
*Attorney for Dakota Fontenot*

**and**

*/s/ Paul Beik (w permission)*
Paul Stephen Beik
BEIK LAW FIRM, PLLC
440 Louisiana St., Suite 1800
Houston, Texas 77002
713-869-6975
Fax: 713-583-9169
Email: paul@beiklaw.com

**and**

*/s/ Lloyd Kelley (w permission)*
Lloyd Earl Kelley
THE KELLEY LAW FIRM
2726 Bissonnet
Ste 240, PMB 12
Houston, Texas 77005
281-492-7766

Fax: 281-652-5973
Email: kelley@lloydekelley.com
*Attorney for Madison Fontenot*

**CERTIFICATE OF SERVICE**

On August 18, 2026, pursuant to Federal Rule of Civil Procedure 5, a correct copy of this pleading was sent to all parties of record through the Court's electronic case filing system.

*/s/ Ryan O. Cantrell*
Ryan O. Cantrell