**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **LINDA GOEHRS,**<br>*Plaintiff,*<br>**v.**<br>**MADISON FONTENOT and DAKOTA FONTENOT,**<br>*Defendants,*<br>**DALLAS JOSEPH FONTENOT III and MICHELLE FONTENOT,**<br>*Intervenors.* | CIVIL ACTION NO. 4:26-cv-02743<br><br>(Jury Demanded |

# DEFENDANT DAKOTA FONTENOT'S RESPONSE IN OPPOSITION TO INTERVENORS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DAKOTA FONTENOT SHOULD NOT BE HELD IN CONTEMPT (Dkt. 15)

## I. INTRODUCTION & SUMMARY

Intervenors Michelle Fontenot and Dallas Joseph Fontenot III ask this Court to hold Dakota Fontenot in contempt of orders that they themselves have already confessed are void, and of a later order entered after this case had been removed and after the probate court had announced on the record that it would proceed no further. There is no valid, enforceable injunction. The first element of civil contempt therefore fails, and the motion should be denied.

Three independently sufficient defects defeat the motion.

**First,** Intervenors filed no certificate of conference. Southern District of Texas Local Rule 7.1 requires an opposed motion—other than motions under Rules

12(b), 12(c), 12(e), 12(f), and 56—to "contain an averment that (1) [t]he movant has conferred with the respondent and (2) [c]ounsel cannot agree about the disposition of the motion." S.D. Tex. L.R. 7.1.D. Intervenors' motion contains none. That omission alone warrants denial.

**Second,** the March 18, 2026 temporary injunction is void on its face under Texas Rule of Civil Procedure 683 because it does not set the case for trial on the merits. Intervenors admit as much in a footnote to the very motion now before the Court. More than that, they formally conceded the point to the Fourteenth Court of Appeals: "Fontenot concedes that the order is void," and "given the void nature of the Temporary Injunction, Fontenot will not seek to enforce its terms." Appellees' Motion to Abate Appeal at 2 (14th Ct. App. Mar. 26, 2026). That is a judicial admission. A void order cannot support contempt.

**Third,** the April 7, 2026 "modified" order was entered after Madison Fontenot removed this action the morning of April 7. Under 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded." Post-removal state-court orders are void. Section 1450 preserves only orders entered *prior to* removal. The afternoon transcript of April 7 confirms that the probate court was told of the removal, accepted that it had lost jurisdiction, and stated that it would "not [] go any further." Reporter's Record, Vol. 2, Apr. 7, 2026 Hr'g ("4/7 RR") at 7, 10. Any written order signed later that day was a legal nullity.

Intervenors therefore cannot prove, by clear and convincing evidence, "that a court order was in effect." *Whitcraft v. Brown*, 570 F.3d 268, 271–72 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). The motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

After a multi-day evidentiary hearing in Harris County Probate Court No. 1, that court orally indicated on March 13, 2026, that it would grant injunctive relief. On March 18, 2026, it signed a written temporary injunction. Dkt. 15, Ex. 1. The March 18 order recited that the matter would be set for trial by separate order. It did not itself set a trial date. Intervenors concede that omission. Dkt. 15 at 5 n.1.

Dakota perfected an interlocutory appeal of the March 18 order to the Fourteenth Court of Appeals, Cause No. 14-26-00299-CV, and moved to dissolve or stay the injunction on the ground that it was void for failure to set a trial date as Rule 683 requires.

On March 26, 2026, Intervenors—appearing as appellees—filed an unopposed motion to abate that appeal. In that motion they made two formal concessions that control this proceeding:

> Fontenot concedes that the order is void, and, for that reason, on March 25, 2026, has requested the probate court to enter an Amended Temporary Injunction that fully complies with Rule 683 of the Texas Rules of Civil Procedure.

> In the meantime, given the void nature of the Temporary Injunction, Fontenot will not seek to enforce its terms, rendering the instant appeal moot.
>
> Appellees' Motion to Abate Appeal at 2 (emphasis added).

The Fourteenth Court granted the motion on April 9, 2026, abating the appeal "to allow the trial court to amend the temporary injunction so as to comply with Texas Rule of Civil Procedure 683." Abatement Order at 1–2.

That amendment never validly occurred. On the morning of April 7, 2026—before the probate court resumed its afternoon session on a motion to revise the injunction—Madison Fontenot filed a notice of removal in this Court. Dkt. 1. Counsel for Dakota informed the probate court of the removal as soon as the afternoon session opened:

> MR. PIERCE: Your Honor, I've learned that the case has been removed to federal court. I guess the Court now lacks jurisdiction to proceed forward.
> 4/7 RR at 4–5.

The probate court accepted that statement. After distinguishing removal from an interlocutory appeal, the court stated:

> THE COURT: Okay. So I've actually spoken to a justice on the court of appeals about this particular issue, and I believe that it was in a different context and certainly not on this case, but once a removal action is filed, the trial court loses jurisdiction. . . . I think that Mr. Pierce is correct on the loss of jurisdiction. . . . I'm going to take Mr. Pierce at his word, and I'm not going to go any further, obviously. . . .
> 4/7 RR at 7.

The court closed the hearing on that basis:

> THE COURT: . . . If there's no disagreement, if it looks like the whole case is being asked to be removed to the federal court, and there is nothing that this judge can do barring some kind of carve out that I mentioned, then I suppose there is nothing else left for me to do at this point. . . . It seems there is nothing further that I can do. The case has been—or there's a motion seeking removal to the federal courts, so until that gets ferreted out at the federal court level, whether or not it's remanded, there's nothing for me to do at this point.
> 4/7 RR at 10.

Intervenors nevertheless contend that the probate court "entered a modified order granting the temporary injunction" on April 7. Dkt. 15 at 5 n.1 & Ex. 2. That order, if it exists as they describe it, was signed after removal and after the court had announced it would proceed no further. It is void.

Intervenors filed the present motion on August 13, 2026. Dkt. 15. It contains a certificate of service and no certificate of conference.

## III. ARGUMENT AND AUTHORITIES

### A. The Motion Should Be Denied for Failure to Confer under Local Rule 7.1.

Local Rule 7.1.D provides that opposed motions, with enumerated exceptions that do not include a motion for contempt or for a show-cause order, "shall . . . contain an averment that (1) [t]he movant has conferred with the respondent and (2) [c]ounsel cannot agree about the disposition of the motion." S.D. Tex. L.R. 7.1.D. The requirement is not ornamental. It exists so that the Court is not asked to adjudicate disputes counsel have not first tried to resolve, and so that the Court can know, on the face of the paper, whether the requested relief is opposed.

Intervenors' motion has a certificate of service and nothing else. Dkt. 15 at 10. They did not confer with Dakota's counsel before asking this Court to initiate contempt proceedings that seek coercive fines, compensatory fines, and incarceration. Dkt. 15 at 8. The motion should be denied on that ground alone.

## B. Intervenors Cannot Establish the First Element of Civil Contempt Because No Valid Order Was in Effect.

A movant in a civil-contempt proceeding must prove by clear and convincing evidence "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." Whitcraft, 570 F.3d at 271–72 (quoting Martin, 959 F.2d at 47). The first element is jurisdictional in substance: there must be a valid, definite order. Intervenors cannot carry that burden as to either instrument they invoke.

### *1. The March 18 order is void under Rule 683, as Intervenors have already conceded.*

Texas Rule of Civil Procedure 683 states that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. The Texas Supreme Court has held that this requirement is mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). An order that omits a trial setting "is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp*., 24 S.W.3d 334, 337

(Tex. 2000) (per curiam). The defect is not waivable; the injunction is void, not merely voidable. *InterFirst*, 715 S.W.2d at 641*; In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding) (failure to meet Rule 683 renders the order "fatally defective and void").

The March 18 order did not set a trial date. Intervenors say so themselves. Dkt. 15 at 5 n.1 ("The order granting the temporary injunction indicated that the matter would be set for trial by separate order, but did not include a trial date in the order itself."). A recital that trial will be set later does not satisfy Rule 683. The rule requires that the injunction order itself include the trial setting. *InterFirst*, 715 S.W.2d at 641; *Qwest*, 24 S.W.3d at 337.

Intervenors have already confessed the legal consequence of that omission. In a signed motion filed in the Fourteenth Court of Appeals, they stated, without qualification: "Fontenot concedes that the order is void." Appellees' Motion to Abate Appeal at 2. They added that, "given the void nature of the Temporary Injunction, Fontenot will not seek to enforce its terms." Id. The court of appeals accepted the concession and abated the appeal so the probate court could attempt to cure the Rule 683 defect. Abatement Order at 1–2.

A formal concession in a pleading is a judicial admission. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.,* 244

F.3d 474, 476 (5th Cir. 2001). It "has the effect of withdrawing a fact from contention." Id. Intervenors may not tell the Fourteenth Court that the March 18 order is void and unenforceable, obtain an abatement on that representation, and then tell this Court that the same order is "binding and enforceable" and a predicate for incarceration. Dkt. 15 at 1.

Even without the admission, the law is the same. A void temporary injunction is a nullity. In re Garza, 126 S.W.3d at 271 ("A void order has no force or effect and confers no rights; it is a mere nullity."). Section 1450 does not resuscitate it. That statute preserves pre-removal injunctions only "until dissolved or modified by the district court," 28 U.S.C. § 1450, and it does not give a state-court order "greater effect after removal to federal court than [it] would have had if the case had remained in state court." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 436 (1974). A void Texas injunction remains void after removal.

***2. The April 7 modified order is void under 28 U.S.C. § 1446(d) because it was entered after removal.***

Removal was effected the morning of April 7, 2026. Dkt. 1. Section 1446(d) is mandatory and self-executing:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
> 28 U.S.C. § 1446(d) (emphasis added).

Once removal is effected, "the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void ab initio." *Maseda v. Honda Motor Co*., 861 F.2d 1248, 1254–55 (11th Cir. 1988) (citation omitted). The Fifth Circuit recognized the same principle more than sixty years ago: after removal, the state court "loses all jurisdiction" and "further proceedings in the State court are void." *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962); see *also Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882). That rule applies even if the federal court later concludes the removal was improper. The state court may not proceed in the interval. 28 U.S.C. § 1446(d).

Section 1450 does not save a post-removal order. By its terms it preserves only "[a]ll injunctions, orders, and other proceedings had in such action *prior to* its removal." 28 U.S.C. § 1450 (emphasis added). Intervenors' assertion that both orders "entered before the removal of this case to this Court[] remain in effect under 28 U.S.C. § 1450," Dkt. 15 at 7, is simply wrong as to the April 7 instrument. That order, on Intervenors' own timeline, was signed the afternoon of the day the notice of removal was filed. Dkt. 15 at 5 n.1.

The probate court itself recognized the jurisdictional bar. Informed of the removal, Judge Simoneaux stated that "once a removal action is filed, the trial court loses jurisdiction," that "Mr. Pierce is correct on the loss of jurisdiction," and that

the court was "not going to go any further." 4/7 RR at 7. He closed the hearing: "there's nothing for me to do at this point." 4/7 RR at 10. Intervenors' counsel did not dispute that the case had been removed; he argued only that the removal was "frivolous" and would be remanded. 4/7 RR at 6. Counsel was incorrect in his claim as this Court denied the Motion to Remand. Whether the removal was later sustained is irrelevant to the probate court's power on the afternoon of April 7. The statute forbids the state court from proceeding unless and until a remand issues. 28 U.S.C. § 1446(d). No remand had issued. Any modified injunction signed that afternoon was entered without jurisdiction and is void.

Intervenors' suggestion of a "carve-out" for correcting a "mistake" in a prior order, 4/7 RR at 7, does not exist in the removal statute. Section 1446(d) contains no exception for curative amendments, Rule 683 repairs, or "clarifying" orders. Congress said the state court "shall proceed no further." That command is not qualified by the importance of the order the state court wishes to enter.

### C. A Void Order Cannot Support Contempt.

The rule is settled in both systems. "One may not be held guilty of contempt for refusing to obey a void order." *Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983) (orig. proceeding) (citing *Ex parte Lillard*, 314 S.W.2d 800 (Tex. 1958), and *Ex parte Henry*, 215 S.W.2d 588 (Tex. 1949)). "A trial court that holds a party in contempt for violating a void order necessarily abuses its discretion." In re Garza,

126 S.W.3d at 271. The same principle follows from *Whitcraft*: if no valid "court order was in effect," the first element of contempt is not proved. 570 F.3d at 271–72.

Both instruments Intervenors tender fail that test. The March 18 order is void under Rule 683 and by Intervenors' own admission. The April 7 order is void under § 1446(d). There is therefore nothing to enforce, nothing to "show cause" about, and no basis for the coercive or compensatory sanctions Intervenors request, including incarceration. Dkt. 15 at 8 (citing *Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821, 831 (1994)).

### D. Intervenors Are Estopped from Enforcing the March 18 Order.

Separate from the judicial-admission doctrine, Intervenors are estopped from taking a position in this Court that is the opposite of the position they successfully urged in the court of appeals. They told the Fourteenth Court the March 18 order is void and that they would "not seek to enforce its terms." Appellees' Motion to Abate Appeal at 2. They obtained an abatement on that representation. They now seek to enforce the same terms by contempt. A party may not "prevail in one phase of a case on an argument and then rely on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (judicial estoppel); see also *In re Coastal Plains, Inc.*, 179 F.3d 197, 205–06 (5th Cir. 1999). The Court should hold them to the concession they made.

## IV. CONCLUSION AND PRAYER

No valid injunction exists. The March 18 order is void under Rule 683, and Intervenors have admitted that it is. The April 7 order was entered after removal and is void under § 1446(d). The probate court said so on the record. Intervenors did not confer before filing. The first Whitcraft element is not met.

Dakota Fontenot respectfully requests that the Court deny Intervenors' Motion for an Order to Show Cause (Dkt. 15) in its entirety, refuse to issue any show-cause order, refuse to hold Dakota in contempt, and grant all other relief to which he is justly entitled.

Dakota further requests that the Court take judicial notice of the following records, true copies of which are attached:

Exhibit A — Appellees' Motion to Abate Appeal, filed March 26, 2026, in No. 14-26-00299-CV

Exhibit B — Abatement Order, Fourteenth Court of Appeals, April 9, 2026

Exhibit C — Reporter's Record, Vol. 2 of 2, April 7, 2026 Hearing, Cause No. 537721

Respectfully submitted,

JAMES D. PIERCE, P.C.

/s/ James D. Pierce
James D. Pierce
Texas Bar No. 15994500

Southern District of Texas No. 15994500
115 Guenther Street
Sugar Land, Texas 77478
Telephone: (713) 419-3775
Facsimile: (281) 242-7330
jim@jamespierce.com

Attorney for Defendant Dakota Fontenot

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2026, a true and correct copy of this Response was served on all counsel of record through the Court's CM/ECF system.

/s/ James D. Pierce
James D. Pierce