ACCEPTED
14-26-00299-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
3/26/2026 5:11 PM
TROY WARD
CLERK PRO TEMPORE

EXHIBIT
A

Cause No. 14-26-00299-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/26/2026 5:11:43 PM
TROY D. WARD
Clerk Pro Tempore

# In the Fourteenth Court of Appeals
# Houston, Texas

Dakota Fontenot,

*Appellant*,

v.

Linda Goehrs, Michelle Fontenot,
and Dallas Joseph Fontenot, III,

*Appellees*.

On Interlocutory Appeal from Cause No. 537,721
Probate Court No. 1, Harris County, Texas

## APPELLEES' MOTION TO ABATE APPEAL

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Michelle Fontenot and Dallas Joseph Fontenot, III ("Fontenot") intervened in the underlying probate matter because they have a significant financial interest in the Holli Ann Hardin Trust No. 1, which is the subject of the litigation. They also joined in Trustee Linda Goehrs' Application for Temporary Injunction to remedy Dakota Fontenot's ("Dakota") malfeasance regarding significant Trust assets and to prevent future malfeasance. As

such, Fontenot are proper "Appellees" before the Court. *See* Tex. R. App. P. 3.1(c) (defining "Appellee" as "a party adverse to an appellant").

On March 18, 2026, following a three-day evidentiary hearing, the probate court granted the Temporary Injunction to prevent Dakota from wrongfully squandering and dissipating Trust assets that do not belong to him. Dakota then filed an interlocutory appeal, followed by a Motion to Dissolve and/or Stay the Temporary Injunction, arguing the order is "void" because it omits a trial date.

Fontenot concedes that the order is void, and, for that reason, on March 25, 2026, has requested the probate court to enter an Amended Temporary Injunction that fully complies with Rule 683 of the Texas Rules of Civil Procedure. Fontenot intends to submit a proposed Amended Temporary Injunction to the probate court early next week, that, if accepted, will include a trial date *and* provide Dakota access to reasonable and necessary funds to comply with the Amended Temporary Injunction and to cover ordinary living expenses, including payment of litigation costs—subject to and without waiver of any of Appellees' legal rights and remedies.

In the meantime, given the void nature of the Temporary Injunction, Fontenot will not seek to enforce its terms, rendering the instant appeal moot. Consequently, Fontenot asks the Court to abate this appeal until such

time as the probate court enters the Amended Temporary Injunction that will significantly narrow the issues on appeal.

Respectfully submitted,

Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.

By: *__/s/ Steven J. Knight___*
STEVEN J. KNIGHT
Texas Bar No. 24012975
steven.knight@chamberlainlaw.com
RYAN O. CANTRELL
Texas Bar No. 24055259
AMY JO FOREMAN
Texas Bar No. 24121624
MARIAH J. KARIGAN
Texas Bar No. 24123088
1200 Smith Street, Suite 1400
Houston, Texas 77002
713-658-1818

*Counsel for Michelle Fontenot and Dallas Joseph Fontenot, III*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2026, this motion was served to all counsel of record via the Court's electronic filing system.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

## CERTIFICATE OF CONFERENCE

I certify that I reached conferred with Appellant's counsel concerning the relief requested in this motion, and counsel informed me that Appellant is unopposed to the abatement request.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Texas Rule of Appellate Procedure 9. Consistent with Rule 9.4(i)(2)(G), this motion contains 308 words, excluding the parts of the motion exempted. The document was prepared in a proportionally spaced typeface using Microsoft 365 in Times New Roman, 14-point font.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liane Hunt on behalf of Steven Knight
Bar No. 24012975
liane.hunt@chamberlainlaw.com
Envelope ID: 112929509
Filing Code Description: Motion
Filing Description: Appellees' Motion to Abate Appeal
Status as of 3/27/2026 8:06 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Matthew J.Kita | | matt@mattkita.com | 3/26/2026 5:11:43 PM | SENT |
| Steven Knight | | Steven.Knight@chamberlainlaw.com | 3/26/2026 5:11:43 PM | SENT |
| AJ Foreman | | aj.foreman@chamberlainlaw.com | 3/26/2026 5:11:43 PM | SENT |
| Paul S.Beik | | paul@beiklaw.com | 3/26/2026 5:11:43 PM | SENT |
| Rudy Culp | | rudy@texasprobateattorney.com | 3/26/2026 5:11:43 PM | SENT |
| Collin Bullard | | collin@texasprobateattorney.com | 3/26/2026 5:11:43 PM | SENT |
| Bailey Bowe | | bailey@texasprobateattorney.com | 3/26/2026 5:11:43 PM | SENT |
| Robin Edwards | | robin@texasprobateattorney.com | 3/26/2026 5:11:43 PM | SENT |
| Ryan Cantrell | | ryan.cantrell@chamberlainlaw.com | 3/26/2026 5:11:43 PM | SENT |
| Mariah Karigan | | mariah.karigan@chamberlainlaw.com | 3/26/2026 5:11:43 PM | SENT |