**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LINDA GOEHRS,<br><br>*Plaintiff*,<br><br>v.<br><br>MADISON FONTENOT and<br>DAKOTA FONTENOT,<br><br>*Defendants*,<br><br>DALLAS JOSEPH FONTENOT III<br>and MICHELLE FONTENOT,<br><br>*Intervenors*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-02743 |

**INTERVENORS' REPLY IN SUPPORT OF**
**MOTION FOR AN ORDER TO SHOW CAUSE**

Intervenors Michelle Fontenot ("Michelle") and Dallas Joseph Fontenot III ("Joe") file this Reply In Support of their Motion for an Order to Show Cause (Dkt. No. 15). In support thereof, Joe and Michelle would respectfully show the Court as follows:

After a substantial evidentiary hearing, during which Dakota attempted to conceal and dissipate the very proceeds sought to be enjoined, the state court recognized the need for a Temporary Injunction to preserve the status quo and protect assets from further dissipation. Despite Dakota and his wife Madison's

efforts, the removal did not dissolve the injunction. 28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The Supreme Court has construed § 1450 to "ensure[] that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal," so that "injunctions…and other orders obtained in state court all remain effective after the case is removed." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423 (1974).

Accordingly, the Temporary Injunctions are now orders of this Court, governed by federal procedure. If Dakota believed it did not bind him, his remedy was to move this Court to dissolve or modify it. *See* FED. R. CIV. P. 60(b). He did neither. Dakota's unilateral determination that the orders were unenforceable does not excuse his noncompliance. Michelle and Joe respectfully request that this Court issue a show cause order, and after notice and hearing, enter an order to coerce Dakota's compliance with the Temporary Injunctions. In the alternative, Michelle and Joe request that the Court modify the Temporary Injunction as appropriate.

## I. The Temporary Injunctions should be enforced.

"[I]t is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance." *Nissho-*

*Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988). Accordingly, Federal Rule of Civil Procedure 65 governs the enforceability of the Temporary Injunction—not Texas Rule of Civil Procedure 683.

Under Federal Rule of Civil Procedure 65, an order granting an injunction must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *See* FED. R. CIV. P. 65(d)(1). Unlike Texas Rule of Civil Procedure 683, federal procedure does not require an order issuing a temporary or preliminary injunction to include a trial date. *Cf.* FED. R. CIV. P. 65, TEX. R. CIV. P. 683. Accordingly, there is no defect under federal procedure.

Dakota misplaces reliance on alleged "judicial admissions" regarding the enforceability of the Temporary Injunction. The statements relied upon by Dakota were made prior to removal, at a time when Dakota's counsel had agreed to work with Michelle and Joe's counsel to present a modified temporary injunction to the trial court to cure any defect and do not operate as a bar to enforcement in this proceeding. *See Starr Indemnity & Liability Insurance Company v. River & Roads Directional Drilling, LLC*, No. 3:23-CV-215-CWR-LGI, 2025 WL 1484716 (S.D. Miss. Jan. 31, 2025) (when discussing judicial admissions, acknowledging that "context is important").

In this case, enforcing the Temporary Injunction that did not include a trial date would not give the state court order greater effect than it would have had if the case remained in state court, as the state court would have remedied any error (and in fact, did with the Modified Temporary Injunction signed on April 7 before a notice of removal was on file with the clerk). "The federal court accepts the case in its current posture 'as though everything done in state court had in fact been done in the federal court.'…In the end, judicial economy is served by eliminating the need for duplicative proceedings in federal court." *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988). On the contrary, allowing Dakota to continue to avoid a Temporary Injunction entered against him after two and a half days of evidence and arguments merely because the case was removed to federal court would not serve judicial economy and would unjustly favor Dakota.

## II. In the alternative, to the extent the Court finds that either Temporary Injunction is presently unenforceable, the Court should modify the order.

In the alternative, to the extent the Court finds that the Temporary Injunctions are not presently enforceable, Michelle and Joe request that the Court 'tak[e] the case up 'where the state court left it off,'" and enter a modified preliminary injunction. *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988) (noting that the power to modify the order passed with the case to the federal court); *see also* FED. R. CIV. P. 60. The trial court orally rendered its order granting the Temporary Injunction, and after reducing its order to writing, acknowledged an

unintentional mistake with the initial omission of the trial date. Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60. This Court, just as the state court intended to do, has the ability to modify its prior orders, and Michelle and Joe request that the Court enter a modified preliminary injunction.[1] With this Reply, Michelle and Joe are submitting a proposed modified injunction that is substantially similar to the order that their counsel and counsel for Dakota conferred on prior to the April 7, 2026 hearing for the Court's consideration as a modified preliminary injunction.

## III. Lack of a certificate of conference should not alone justify denial.

Dakota, in his Response filed a day after the submission date (despite the requirement that response be filed on or before the submission date), asks the Court to deny the Motion because it lacked a certificate of conference. A denial on the basis of a lack of certificate of conference places form over substance. Courts have broad discretion in interpreting and applying their own local rules, and noncompliance "does not automatically trigger dismissal." *See Charles v. K-Patents, Incorporated*, 849 Fed. Appx. 448, 449–50 (5th Cir. 2021). Denial is especially

[1] The March 2026 multi-day hearing resulted in ample evidentiary support for the requested injunction, as recognized by the state court. Due to its size, the complete three-volume transcript is not being filed with this Reply, but if the Court would like to review the transcript Intervenors will provide a copy.

unwarranted where, as here, conference would have been futile. "Failure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated," but "the failure to file a certificate of conference presents no basis to deny the motion where, as here, it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Obregon v.* Melton, No. Civ. A. 3:02-CV-1009-D, 2002 WL 1792086 (N.D. Tex. Aug. 2, 2002). A motion asking the Court to coerce Dakota's compliance through contempt is, by its nature, opposed; no conference would have resolved it. To the extent the Court deems conference appropriate, Intervenors are prepared to confer, and any defect is curable without denial.

## CONCLUSION

Intervenors Michelle Fontenot and Dallas Joseph Fontenot III respectfully request that the Court enter the requested show cause order, and after notice and hearing, hold Dakota Fontenot in contempt and issue appropriate sanctions or, alternatively, issue a modified injunction. Intervenors request all other and further relief, including their attorneys' fees, to which the Court finds them justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.

By: */s/ Ryan O. Cantrell*
Ryan O. Cantrell, Attorney-in-Charge
Texas Bar No. 24055259
Southern District of Texas No. 726506
ryan.cantrell@chamberlainlaw.com
Mariah J. Karigan
Texas Bar No. 24123088
Southern District of Texas No. 3663234
mariah.karigan@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

*Attorneys for Michelle Fontenot and Dallas Joseph Fontenot III*

**CERTIFICATE OF SERVICE**

On September 11, 2026, pursuant to Federal Rule of Civil Procedure 5, a correct copy of this pleading was sent to all parties of record through the Court's electronic case filing system.

*/s/ Ryan O. Cantrell*
Ryan O. Cantrell