**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LINDA GOEHRS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| MADISON FONTENOT and | § | |
| DAKOTA FONTENOT, | § | CIVIL ACTION NO. 4:26-cv-02743 |
| | § | |
| *Defendants*, | § | |
| | § | |
| DALLAS JOSEPH FONTENOT III | § | |
| and MICHELLE FONTENOT, | § | |
| | § | |
| *Intervenors*. | § | |

**AMENDED TEMPORARY INJUNCTION**

On this day, came on for consideration Intervenors' request for a modified preliminary injunction pursuant to Federal Rule of Civil Procedure 60(a). Prior to removal, the state court heard the Application for Temporary Injunction filed on January 16, 2026, by Plaintiff LINDA GOEHRS ("Plaintiff"), in her capacity as Successor Trustee of the Holli Ann Hardin Trust Number One, and the Application for Temporary Injunction filed by Intervenors MICHELLE FONTENOT and DALLAS JOSEPH FONTENOT III (collectively with Plaintiff, "Applicants"), against Defendant DAKOTA FONTENOT ("Defendant"). The state Court conducted an evidentiary hearing on March 6, 9, and 13, 2026. Having considered the Applications, the evidence adduced at hearing, and the arguments of counsel, the state Court found that both Applications were well taken and should be in all things GRANTED. The Court enters this Modified Temporary Injunction pursuant to Federal Rule of Civil Procedure 60(a) and 28 U.S.C. § 1450.

**FINDINGS**

The Court finds that Applicants have demonstrated a probable right to recover on their claims against Defendant, including claims for breach of fiduciary duty, fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, and related causes of action arising from Defendant's conduct in connection with the sale of Entertainment Marketing & Management, Ltd., HFR

Enterprises, Inc., and Ice Embassy, Inc. Specially, during the three-day evidentiary hearing, the Court heard evidence supporting the following findings.

The Holli Ann Hardin Trust Number One (the "Trust") owned, among other things, lucrative businesses known as HFR Enterprises, Inc. and Ice Embassy, Inc. in Trust for the benefit of Trust beneficiaries, including Michelle Fontenot and Dallas Joseph Fontenot. HFR Enterprises, Inc. owned a building and land where a club known as Colorado Club operated. Ice Embassy, Inc. managed and operated Colorado Club. Dakota serves as an officer and director of both businesses. Dakota, which owned Entertainment Marketing & Management, Ltd.—an insolvent entity—held a contract to provide certain management services to Colorado Club.

At various times throughout 2024 up to July 1, 2025, Dakota negotiated a sale of Entertainment Marketing & Management, Ltd., HFR Enterprises, Inc.'s real property, and Ice Embassy, Inc. for a total purchase price of $7,750,000. The purchase price for Entertainment Marketing & Management, Ltd.--$2,750,000—was to be paid in installments pursuant to a Partnership Interest Purchase Agreement. Although Entertainment Marketing & Management Services was insolvent, Dakota allocated the purchase price to his business to the exclusion of the businesses held by the Trust. Essentially, Dakota deprived the Trust and Trust beneficiaries of significant assets that did not belong to him.

In August of 2025, after receiving sale proceeds, Dakota and his wife, Madison Fontenot, created an entity in the U.S. Virgin Islands called Emerald Island Holdings, LLC and used the sale proceeds to purchase real property in the name of that entity. Dakota and Madison later transferred Emerald Island Holdings, LLC to Madison's parents, receiving no cash consideration but continuing to control the entity's primary asset.

On March 5, 2026, while the temporary injunction hearing was in process, and unbeknownst to Applicants, Dakota negotiated a reduction to the remaining amounts owed under the Partnership Interest Purchase Agreement ($937,500) in exchange for a lump sum payment of $575,000 to be wired directly to him during the injunction proceedings. He then transferred portions of those funds to Madison's parents, purportedly in exchange for a lease for occupancy of the same property owned by Emerald Island Holdings, LLC.

This evidence supports a finding of probable right of success on the claim(s) that Dakota has converted assets that belong to the Trust; has transferred Trust assets to insiders while retaining control of the assets; and has attempted to conceal the transfers—all in an effort to make the Trust assets beyond the reach of a money judgment against him in this litigation. The Court further finds the evidence demonstrates that Dakota is insolvent by design. Unless a temporary injunction is granted, Applicants will suffer probable, imminent, and irreparable harm, including the loss or further dissipation of assets that are the subject of this litigation and the inability to recover those assets or the value thereof through an award of money damages at trial. The threatened injury to Applicants outweighs any harm to Defendant from the granting of this temporary injunction, which

will not disserve the public interest. The Court finds that this Temporary Injunction is necessary to prevent irreparable injury to Applicants pending trial on the merits.

**ORDER**

For the foregoing reasons, pursuant to Texas Civil Practice and Remedies Code § 65.001, Texas Rules of Civil Procedure 680–684, Texas Business and Commerce Code § 24.008, and Federal Rule of Civil Procedure 65, it is HEREBY ORDERED as follows:

a. Within **15 days** of the date of this Order, Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are ORDERED to deposit $2,387,000.00 (representing all proceeds received under the Partnership Interest Purchase Agreement) into the registry of this Court.

b. Within **10 days** of the date of this Order, Defendant Dakota Fontenot is ORDERED to produce the following documents in native format with all accompanying metadata:

i. Documents relating to the creation and formation of Emerald Island Holdings, LLC, including any company agreements, formation documents, charters, amendments, and correspondence relating to its establishment or creation from January 1, 2025 to the present;

ii. All documents reflecting any transfer of interest in or sale of Emerald Island Holdings, LLC, including contracts, purchase orders, assignments of interest, correspondence, and deeds from January 1, 2025 to the present;

iii. Wire transfer confirmations, transmittal emails, and bank account statements relating to the sale of BFD GP, LLC, BFD LP, LLC, and Entertainment Marketing & Management, Ltd., and the Partnership Interest Purchase Agreement and any amendments or supplements thereto;

iv. Any amendments or supplements to the Partnership Interest Purchase Agreement, including all drafts and all communications regarding amendments or supplements thereto;

v. Documents relating to the purchase, acquisition, or lease of real property in the U.S. Virgin Islands, including all lease agreements, contracts, and communications;

vi. Documents relating tot eh sale of the property located at 2926 Fontana Drive, including contracts, correspondence, payment receipts, settlement statements, and proof of payment;

vii. Documents relating to any loans with Amir Shenaq and/or Sheila Shenaq, including emails, correspondence, notes, text messages, contracts, and any support or justification for any loan agreement or loan forgiveness; and

viii. Communications and contracts with Amir Shenaq, Sheila Shenaq, Ardalan Attar, Christian Attar, Kyle Kinsel, and Zack Truesdale regarding Entertainment Marketing & Management, Ltd., the Partnership Interest Purchase Agreement and any amendments or supplements thereto, and any payments related thereto, including all text messages and electronic correspondence.

c. Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are RESTRAINED from spending, transferring, distributing, encumbering, pledging, or assigning any funds or assets held in any bank account or financial account in his name or under his control at any financial institution, provided, however, that without waiver of Applicants' further rights, Dakota Fontenot may access any proceeds or assets held in any accounts in his name for the limited purposes of 1) complying with the requirement in Section a. of this Order and 2) paying reasonable and necessary living expenses, including actually incurred litigation costs. Dakota Fontenot is ordered to account to Applicants for all sums spent out of any accounts on a monthly basis no later than close of business on the last business day of each month.

d. Defendant Dakota Fontenot, and his officers, agents, servants, employees, attorneys, and any person in active concert or participation with him who receives actual notice of this Order, are RESTRAINED from spending, transferring, distributing, encumbering, pledging, or assigning any proceeds or assets traceable to any payments received in connection with the sale of BFD GP, LLC, BFD LP, LLC, ,Emerald Island Holdings, LLC, and Entertainment Marketing & Management, Ltd., including any payments made pursuant to the Partnership Interest Purchase Agreement and any amendments or supplements thereto.

e. Within **90 days** of the date of this Order, Defendant Dakota Fontenot shall provide a written, sworn accounting describing and detailing the distribution of all proceeds received pursuant to the Partnership Interest Purchase Agreement or any amendments or supplements thereto, including tracing such proceeds from Defendant's personal accounts and any transfers to or from personal accounts. The sworn accounting shall be accompanied by account statements for any account that has held proceeds traceable to the Partnership Interest Purchase Agreement from June 1, 2025 to the present, as well as all closing, sale, and loan documents reflecting assets acquired with funds traceable to such proceeds from June 1, 2025 to the present.

IT IS FURTHER ORDERED that, prior to the issuance of the writ of injunction, Applicants shall file with the Clerk of this Court a bond in the amount of **$1,000.00**, payable to Defendant, executed and conditioned as required.

IT IS FURTHER ORDERED that this Temporary Injunction is binding upon Defendant Dakota Fontenot and his officers, agents, servants, employees, and attorneys, and upon any persons or entities in active concert or participation with him who receive actual notice of this Temporary Injunction.

IT IS FURTHER ORDERED that this Temporary Injunction shall remain in full force and effect until the conclusion of the trial on the merits of this cause, or until further order of this Court. The Clerk of this Court shall issue a Writ of Temporary Injunction in conformity with law upon the filing of the bond required herein.

Trial on the merits of this cause is set for ____________________________.

All relief not expressly granted herein is DENIED.

SIGNED this ______ day of __________________, 2026.

____________________________________
HON. DAVID HITTNER
United States District Judge