**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDA GOEHRS, in her capacity as Temporary Successor Trustee of the Holli Ann Hardin Trust Number One,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:26-cv-02743 |
| **DAKOTA FONTENOT and MADISON FONTENOT,** | § | |
| Defendants, | § | |
| **MICHELLE FONTENOT and DALLAS JOSEPH FONTENOT III,** | § | (Jury Demanded) |
| Intervenors. | § | |

**DEFENDANT DAKOTA FONTENOT'S MOTION FOR LEAVE TO FILE HIS AMENDED ANSWER, COUNTERCLAIM, AND CROSSCLAIM**

Defendant Dakota Fontenot ("Dakota") moves for leave to file his Answer to Plaintiff's petition, his Counterclaim against Linda Goehrs, in her capacity as temporary successor trustee of the Holli Ann Hardin Trust Number One, and his Crossclaim against Intervenors Michelle Fontenot and Dallas Joseph Fontenot III, in the form attached as Exhibit A. Leave is sought under Federal Rule of Civil Procedure 15(a)(2) and paragraph 3 of the Court's Rule 16 Scheduling Order (Dkt. 17).

## I. INTRODUCTION

This action was filed on or about August 21, 2025, in Probate Court No. 1 of Harris County, Texas, Cause No. 537,721, and was removed to this Court. Dakota answered, counterclaimed, and cross-claimed in the probate court, including by his First Amended Answer, First Amended Counterclaim, and Cross-Claim filed on or about October 15, 2025, and demanded a jury. The proposed pleading updates that state-court pleading to federal form. It answers the petition, responds to the claims Intervenors have asserted against Dakota, and reasserts and supplements claims for recovery of improper distributions from the Hardin Trust.

Paragraph 3 of the Scheduling Order, signed August 27, 2026, provides that amendments to pleadings, with leave of court, shall be made by October 2, 2026. This motion is filed on that date. Dakota does not challenge removal or this Court's subject-matter jurisdiction.

## II. ARGUMENT

Rule 15(a)(2) directs that the Court "should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave may be denied for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. None of those grounds is present.

No undue delay. This is Dakota's first pleading directed to the federal form of the case. It is filed on the date the Scheduling Order sets for amendments with leave, not after it. The distribution facts on which the new and reasserted claims rest were stated in the trustee's counsel's November 14, 2025 letter and in Dakota's November 26, 2025 application in the state-court record. They are not a late surprise.

No bad faith or dilatory motive. The pleading is defensive and responsive. It denies the petition. It denies, and incorporates Dakota's affirmative defenses against, the claims Intervenors have pleaded against him, including fraudulent-transfer allegations concerning Entertainment Marketing & Management payments. The crossclaim arises out of the same trust administration, sale, and distributions that are already the subject of this action. Fed. R. Civ. P. 13(g).

No undue prejudice. Discovery remains open until January 26, 2027. The motion cutoff is February 26, 2027. Trial is set for the July/August 2027 term. Plaintiff and Intervenors have time to answer the counterclaim and crossclaim, to take discovery on the fee payments and the equalizing distribution Dakota seeks, and to designate experts. The Scheduling Order's expert deadline for defendants is October 26, 2026; filing this pleading on the amendment date does not compress that schedule.

The claims are not futile. Dakota alleges that the Hardin Trust paid approximately $93,247.48 for Joe and Michelle's attorneys' fees in this litigation —

$29,670.98 to Romano & Sumner and $63,247.48 to Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. — and refused him a corresponding distribution. He seeks restitution, an equalizing recovery, a constructive trust, and related relief, on the ground that the January 7, 2022 Settlement Agreement fee clause settled the prior case and does not fund this one. Those allegations state a claim. Dakota does not ask the Court to resolve the merits on this motion.

A separate answer to the intervention is not required if this instrument responds to it. The proposed pleading does so. Paragraph 2 states that, to the extent an answer, denial, or affirmative defense applies to Intervenors' claims, it is so asserted. Paragraph 21 denies the claims Joe and Michelle have pleaded against Dakota, including the fraudulent-transfer claims, and incorporates the denials and affirmative defenses. Section V is pleaded as a crossclaim and, to the extent they have asserted claims against Dakota, as a counterclaim. One combined filing is the responsive pleading Rules 7(a), 8(b), and 12(a) require.

## III. RELIEF REQUESTED

Dakota asks the Court to grant leave to file Exhibit A; to direct the Clerk to file Exhibit A as his live answer, counterclaim, and crossclaim; and to deem it filed on the date leave is granted. He asks that Plaintiff and Intervenors be given the time provided by the Federal Rules to respond.

Dated: October 2, 2026.

Respectfully submitted,

/s/ James D. Pierce
**James D. Pierce**
Attorney-in-Charge
Texas Bar No. 15994500
115 Guenther Street
Sugar Land, Texas 77478
Telephone: (713) 419-3775
Facsimile: (281) 242-7330
jim@jamespierce.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**DAKOTA FONTENOT**

**CERTIFICATE OF CONFERENCE**

The parties previously conferred concerning a deadline to amend pleadings and it was agreed that Amended Pleadings could be filed on or before October 2, 2026.

/s/ James D. Pierce

James D. Pierce

## CERTIFICATE OF SERVICE

I certify that on October 2, 2026, a true and complete copy of this motion, the proposed order, and Exhibit A was served by the Court's electronic-filing system, or by email if a party is not a filing user, on the following:

> Rudolph M. Culp and Collin J. Bullard, Texas Probate Attorney PLLC, 24 Greenway Plaza, Suite 1825, Houston, Texas 77046, rudy@texasprobateattorney.com, collin@texasprobateattorney.com, counsel for Plaintiff Linda Goehrs.
>
> Ryan O. Cantrell and Mariah J. Karigan, Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C., 1200 Smith Street, Suite 1400, Houston, Texas 77002, ryan.cantrell@chamberlainlaw.com, mariah.karigan@chamberlainlaw.com, counsel for Intervenors Michelle Fontenot and Dallas Joseph Fontenot III.
>
> Lloyd E. Kelley, 2726 Bissonnet, Suite 240, PMB 12, Houston, Texas 77005, kelley@lloydekelley.com, counsel for Madison Fontenot.

/s/ James D. Pierce
James D. Pierce