**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDA GOEHERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-02743** |
| | § | |
| **MADISON FONTENOT, *et. al.*** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE AMENDED DESIGNATION OF EXPERT WITNESSES AND INITIAL DISCLOSURES AND/OR MOTION FOR MODIFICATION OF SCHEDULING ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff LINDA GOEHRS ("Plaintiff"), in her capacity as Trustee of the Holli Ann Hardin Trust Number One (the "Trust"), and files this her Motion for Leave to Serve Amended Designation of Expert Witnesses and Initial Disclosures and/or Motion for Modification of Scheduling Order, and in support thereof would respectfully show unto the Court the following:

## I.
## BACKGROUND

1. The litigation before the Court was initially instituted under Cause No. 537721 in Harris County Probate Court No. 1 on August 21, 2025, as a result of the actions of Defendant DAKOTA FONTENOT ("Dakota") purposefully diverting

$2.75 million from the sale of entities and assets held by the Trust to Entertainment Marketing & Management, Ltd., a shell entity of nominal value owned fully by Dakota.

2. Following months of litigation, including multiple entries of injunctive relief against Dakota, Defendant MADISON FONTENOT ("Madison"), Dakota's wife, removed the matter to this Court on April 7, 2026. *See* Dkt. 1, *Notice of Removal*. Madison thereafter attempted to transfer the case to the United States District Court of the Virgin Islands, the jurisdiction where Plaintiff previously complained in state court that Dakota was attempting to hide assets. *See* Dkt. 4, *Motion to Transfer Venue*.

3. Intervenors MICHELLE FONTENOT ("Michelle") and DALLAS JOSEPH FONTENOT III ("Joe") opposed Madison's motion to transfer and requested that the matter be remanded to the above-referenced state court proceeding. *See* Dkt. 8, *Motion to Remand*. Both requests were ultimately denied by Order of the Court on June 30, 2026. *See* Dkt. 14, *Order*.

4. On August 18, 2026, the parties submitted their Joint Discovery/Case Management Plan. *See* Dkt. 16, *Joint Discovery/Case Management Plan*. There, the parties agreed that April 19, 2027 was a reasonable planned deadline for discovery to be completed, and that Plaintiff would be able to designate experts by January 29, 2027. *Id.* at p. 4–5. The parties further agreed that each party should make initial

disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure by September 18, 2026.

5. On August 27, 2026, the Court entered its Rule 16 Scheduling Order, pertinently obligating Plaintiff to designate her expert witnesses by September 25, 2026, with all expert reports to be served within 60 days thereafter. *See* Dkt. 17, *Rule 16 Scheduling Order*. Plaintiff served her initial expert designations on September 25, 2026. *See* **Exhibit "A"**, *Plaintiff's Rule 26(a)(2) Expert Disclosures*. Expert reports are not yet due under the Court's Rule 16 Scheduling Order.

6. Plaintiff's initial disclosures were not served before the above-referenced deadline because of the volume of documentation still being uncovered by Plaintiff and resultingly organized for production to all other parties. Further, following the retention and designation of Allen W. Wendler as an expert, Plaintiff decided upon the need for an additional expert witness as to business valuation.

7. On October 9, 2026, counsel for Plaintiff requested a stipulation pursuant to Rule 29 of the Federal Rules of Civil Procedure from all counsel allowing Plaintiff to serve amended expert witness designations and initial disclosures including the production of records after the above-referenced deadline. Despite these requests in no way impeding discovery or otherwise affecting the Court's scheduling deadlines, counsel for Dakota and Madison responded with their opposition to Plaintiff's request. Plaintiff produced more than 13,000 pages of bates

labeled records to all other parties on October 14, 2026 and is additionally in possession of a storage unit turned over by Dakota full of potentially relevant records that have not been fully reviewed for relevancy before production.

8. Because of this refusal being used as a tactic to prevent the use of an expert witness who will better inform the eventual jury of the complexities of business and asset valuations and the use of records forming the basis of the issues before the Court, Plaintiff is left with no alternative but to request from the Court the relief detailed herein.

## II.
## ARGUMENT AND AUTHORITIES

### A. LEGAL STANDARD

9. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

10. "Substantial justification" exists when the failure to disclose is justified to a degree that would persuade a reasonable person that parties could genuinely disagree about whether the disclosure required. *Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 205 (5th Cir. 2016). Four factors are considered in determining whether a disclosure violation is harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such

prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401–02 (5th Cir. 2003).

11. "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

B. LEAVE OF COURT TO ALLOW PLAINTIFF TO AMEND HER EXPERT DESIGNATIONS IS SUBSTANTIALLY JUSTIFIABLE AND HARMLESS

12. In the matter at issue, it is substantially justifiable and harmless to allow Plaintiff to serve amended expert designations to allow for the inclusion of an additional expert expected to opine on the valuation of the entities and assets involved in the transaction forming the basis of this lawsuit. Initially, all parties agreed that January 29, 2027 was a reasonable date by which Plaintiff should be expected to designate her experts. While the Court's Scheduling Order includes earlier deadlines that what the parties anticipated in their Joint Discovery/Case Management Plan, the parties opposing Plaintiff's request to amend her expert designations cannot reasonably argue that this request multiple months within the initially forecasted deadline is unwarranted.

13. Further, it is overwhelmingly reasonable for Plaintiff to decide on the need for an additional expert witness more than nine months before the earliest potential trial setting, before expert reports are even due, and impossible for Plaintiff to have previously disclosed a nonexistent additional expert. Despite his credentials, Allen W. Wendler does not possess a valuation credential, and it is reasonable at this stage of litigation for Plaintiff to supplement the expected Allen W. Wendler with an additional expert possessing the credentials that Allen W. Wendler does not possess. As expert reports are not due at this point, it is substantially justifiable to allow Plaintiff to amend her expert designations to include an additional expert while requiring Plaintiff to produce a report of such expert by the existing deadline of November 24, 2026.

14. As it pertains to potential harm to other parties, this additional expert testimony is overwhelmingly important to the case, as the valuation of entities and assets held by the Trust and involved in the transactions at issue comprises the entirety of the dispute at issue. As detailed above, Plaintiff timely disclosed Allen W. Wendler as an expert in this proceeding. Plaintiff additionally utilized Allen W. Wendler as an expert at a hearing on her application for a temporary injunction against Dakota in the state court proceeding in March 2026. Any other parties will not be prejudiced or in any way surprised by the addition of another expert to supplement portions of Allen W. Wendler's testimony to which he may be unable to

opine as an expert, as they have already had the opportunity to hear and cross-examine Allen W. Wendler, and neither Allen W. Wendler's nor any other expert's reports are even due at this time. At the time of Plaintiff's expert designation, Allen W. Wendler was Plaintiff's lone retained expert, meaning the explanation for the failure to designate an additional expert as now requested is the impossibility of designating a nonexistent additional expert.

15. For these reasons, it is substantially justified and harmless to allow Plaintiff leave of court to serve amended expert disclosures including an additional expert witness who is expected to testify as to the valuation of entities and assets held in the Trust and involved in the transaction at issue, and Plaintiff's request for leave of court should be granted.

C. LEAVE OF COURT TO ALLOW PLAINTIFF TO SERVE INITIAL DISCLOSURES AND PRODUCE RECORDS IS SUBSTANTIALLY JUSTIFIABLE AND HARMLESS

16. As indicated above, the records to be produced in this case are incredibly voluminous. More than 13,000 pages of records have been reviewed for relevancy and organized for production to this point, and it is expected that far more will be necessarily produced, as Dakota turned over an entire storage unit of records to Plaintiff which has not been fully reviewed. Further, the records Plaintiff intends to produce are the very records listed by Michelle and Joe as necessary for the claims and defenses involved in this lawsuit.

17. The other parties to this suit have been aware of the records relevant to this litigation and many were previously produced and utilized at hearings while this case was in state court. Instead of providing the parties a description of the documents to be produced and thereafter producing such records during further discovery, Plaintiff has elected to produce the relevant documents in her possession as early as reasonably practicable and as allowed by Rule 26(a).

18. At the time initial disclosures became due, Plaintiff could have produced only a partial list of documents or an incomplete compilation of documents which would have only necessitated further time and expense of the other parties through forthcoming discovery requests. Instead, Plaintiff continued and is still in the process of reviewing and organizing records to be produced and has finalized such to accompany her initial disclosures and streamline discovery in this matter. This course of action by Plaintiff was reasonable and it is excusable for the disclosures to be served along with extensive production less than two weeks after the deadline.

19. At that time when Plaintiff requested agreement by the other parties hereto, counsel for Dakota and Madison explained their opposition to Plaintiff's course of action. While it is unclear if their rationale is to needlessly increase costs or an attempt to have this case resolved by what facts are concealed instead of those

that are revealed, the unreasonableness of Dakota and Madison is unimpactful of Plaintiff's actions which were substantially justifiable.

20. Further, it is harmless for Plaintiff to serve initial disclosures after the Court's Rule 16 Scheduling Order deadline. Plaintiff is the trustee of the Trust which held the assets and entities involved in the transaction at issue where Dakota wrongfully diverted $2.75 million of the purchase price to a worthless entity fully under his control, harming the Trust and its beneficiaries. The records that have and will be located and produced by Plaintiff pertaining to the facts forming the basis of this lawsuit are of paramount importance to all parties in this suit, not just Plaintiff.

21. Because of this, no other parties, including Dakota and Madison, will be in any way prejudiced by as much evidence as possible coming to light. The records Plaintiff seeks to disclose are the documents Dakota must rely upon to support his position that he did no wrong. It is nonsensible to oppose Plaintiff's attempt to disclose records in her possession or to seek the exclusion of any records, which Dakota and Madison should instead seek production of to the fullest extent possible.

22. As detailed above, the cause for Plaintiff's failure to have already produced the records she now seeks to disclose as early as practically possible is because so many exist and so much more must be reviewed and eventually produced. While this should have been resolved by a stipulation by the parties agreeing that all

records relevant to the Trust and transaction at issue can and should be produced as soon as possible, as a result of the objection of Dakota and Madison, it is now necessary for Plaintiff to seek leave of court to provide procedural clarity protecting Plaintiff's disclosure of relevant records.

23. For these reasons, it is substantially justifiable and harmless for the Court to grant Plaintiff leave of court to serve her initial disclosures and relevant records compiled therewith, and Plaintiff's request for leave of court should be granted.

## D. IN THE ALTERNATIVE, IT IS APPROPRIATE FOR THE COURT TO MODIFY THE SCHEDULING ORDER TO ALLOW FULL DISCLOSURE OF RELEVANT RECORDS

24. In the alternative, if the Court should decline to grant Plaintiff leave of court to serve amended expert designations and initial disclosures and related records in Plaintiff's possession, the Court should modify the Rule 16 Scheduling Order to allow Plaintiff to provide all other parties with the information essential as to the relevant facts of this litigation.

25. The parties are aware of the facts at issue in this litigation and the records of the Trust and its entities and assets which form the basis of this lawsuit. Trial is more than nine months away from its earliest possible trial setting and no discovery has been undertaken by any of the parties. For these reasons, it is appropriate for the Court to enter a minor modification of the Rule 16 Scheduling

Order extending the deadlines for initial disclosures and designations of expert witnesses.

## III.
## CONCLUSION

26. Plaintiff's request to amend her expert designations to supplement with an additional expert and to serve initial disclosures with extensive records relevant to this litigation is warranted and in the best interests of all parties. Plaintiff's failure to have done so already is substantially justified, and to allow Plaintiff to correct these matters as requested herein is harmless to all other parties. Because of this, the Court should grant Plaintiff leave of court to serve amended expert designations and initial disclosures, or in the alternative modify the Rule 16 Scheduling Order to extend the existing deadlines to allow Plaintiff's complete disclosure of all relevant information.

Respectfully submitted,

EST. 2001
TEXAS PROBATE ATTORNEY PLLC

RUDOLPH M. CULP (Attorney-in-Charge)
State Bar No. 24043014
rudy@texsprobateattorney.com
STACY L. KELLY
State Bar No. 24010153
stacy@texasprobateattorney.com
COLLIN J. BULLARD

State Bar No. 24129570
collin@texasprobateattorney.com
BAILEY D. BOWE
State Bar No. 24142201
bailey@texasprobateattorney.com
***EFILE: efile@texasprobateattorney.com***
**HOUSTON OFFICE:**
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
O: (713) 297-0700
F: (682) 428-8137
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record via the Court's CM/ECF electronic filing system on this the 15th day of October, 2026.

RYAN O. CANTRELL
ryan.cantrell@chamberlainlaw.com
MARIAH J. KARIGAN
mariah.karigan@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Attorneys for Michelle Fontenot and Dallas Joseph Fontenot III

JAMES D. PIERCE
jim@jamespierce.com
115 Guenther Street
Sugar Land, Texas 77478
Attorney for Dakota Fontenot

PAUL STEPHEN BEIK
paul@beiklaw.com
BEIK LAW FIRM, PLLC
440 Louisiana Street, Suite 1800

Houston, Texas 77002
Attorney for Dakota Fontenot

LLOYD EARL KELLEY
kelley@lloydekelley.com
THE KELLEY LAW FIRM
2726 Bissonnet, Ste. 240, PMB 12
Houston, Texas 77005
Attorney for Madison Fontenot

RUDOLPH M. CULP

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have complied in good faith with the meet and confer requirement of Local Rule 7.1 via email with all counsel of record on October 9, 2026. Counsel for Dakota Fontenot and Madison Fontenot informed me that such parties were opposed to the substance of the relief requested above, leaving an open issue for the Court to resolve pertaining to the foregoing motion.

COLLIN J. BULLARD