**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDA GOEHRS** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **v.** | **§** | **Civil Action No. 4:26-cv-02743** |
| | **§** | |
| **MADISON FONTENOT, *et. al.*** | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF'S FIRST AMENDED RULE 26(a)(2) EXPERT DISCLOSURES**

**TO: ALL PARTIES THROUGH THEIR COUNSEL OF RECORD.**

COMES NOW, Plaintiff LINDA GOEHRS ("Plaintiff"), in her capacity as Trustee of the Holli Ann Hardin Trust Number One, and serves these Amended Expert Disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and in accordance with the Court's Rule 16 Scheduling Order (Doc. 17). These disclosures are based upon currently available information and are made subject to the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## I.
## PLAINTIFF'S RETAINED EXPERTS

**ALLEN W. WENDLER**
Wendler PLLC
820 Gessner Road, Suite 650
Houston, Texas 77024
(713) 351-7120
allen@wendlercpa.com

Mr. Wendler is expected to testify regarding the assets of the Holli Ann Hardin Trust Number One, including all financial aspects of Dakota Fontenot's mismanagement of and actions pertaining to the assets of the trust, the sale of such assets, and the valuation of Entertainment Marketing & Management, Ltd. included in such sale. Mr. Wendler is a certified public accountant. He is the Managing Member of Wendler PLLC and a member of the Texas Society of Certified Public Accountants and the American Institute of Certified Public Accountants – Tax Section. Mr. Wendler has been practicing as a certified public accountant for 36 years and at Wendler PLLC since 2022.

Mr. Wendler's opinions and the basis of his opinions will be described more fully in his report, to be served within 60 days of these Expert Designations in accordance with the Court's Rule 16 Scheduling Order (Doc. 17). Mr. Wendler will explain that Entertainment Marketing & Management, Ltd. was insolvent as of December 31, 2024 with no assets or contractual rights to future income; that Entertainment Marketing & Management, Ltd. functioned as a shell company borrowing on an intercompany basis to pay operating expenses of other entities related to the trust; and that the purchase price ultimately paid to Dakota Fontenot for the sale of Entertainment Marketing & Management, Ltd. lacks economic foundation for the valuation attributed. Mr. Wendler's testimony will be based upon his experience, application of principles and methods derived from his extensive

experience as a certified public accountant, and review of the financial records of Entertainment Marketing & Management, Ltd. and of the assets of the Holli Ann Hardin Trust Number One, including balance sheets, profit and loss statements, inventories, accountings, ledgers, purchase agreements, financial statements, and related documents.

Mr. Wendler reserves the right to review any and all information developed in discovery, including reports, opinions, testimony, or other records created by or for any expert appearing for any party, and to amend or supplement his opinions as expressed in his report as such later discovered information may dictate. A copy of Mr. Wendler's curriculum vitae, list of publications, list of testimony, and statement of compensation will be served with Mr. Wendler's report.

**SHEA HANCOCK**
Hancock firm, Partner, CVA, CM&AA, CEPA
4601 Washington Ave., Suite 280
Houston, Texas 77007
(713) 864-2800
shancock@Hancockfirm.com

Mr. Hancock is expected to testify regarding the value of the entities, including both Entertainment Marketing & Management, Ltd. ("EMM") and ICE Embassy, as it relates to the sale of those entities. Mr. Hancock may also provided testimony related to the value of HFR. Mr. Hancock is expected to provide an independent evaluation of the fair market value of 100% of EMM and ICE Embassy on the date those entities were sold. Mr. Hancock is expected to provide testimony

as to the value of the entities in relation to the relative allocation of the consideration paid for EMM and ICE Embassy. Mr. Hancock is expected to opine as to whether the transaction, and the allocation of consideration between EMM and ICE, were fair from a financial point of view to ICE and its owner(s), and to provide the allocation, by amount or range, that he concludes is financially supportable, together with the supporting calculations. Mr. Hancock is expected to opine on which employees, relationships, systems, names, and operating knowledge actually transferred, if any, whether those assets belonged to EMM, ICE, or individuals, retention expectations, replacement costs, and supported future earnings, what ICE already possessed or could obtain through the contractual turnover provisions and whether the buyer obtained additional value from acquiring the businesses together.

Mr. Hancock has been a partner at Hancock Firm, LLC since 2008 and holds professional certificates as a Certified Valuation Analyst--National Association of Certified Valuators and Analysts, Certified Merger and Acquisition Advisor--Alliance of Mergers & Acquisition Advisors and Certified Exit Planning Advisor--Exit Planning Institution.

Mr. Hancock's opinions and the basis of his opinions will be described more fully in his report, to be served within in accordance with the Court's Rule 16 Scheduling Order (Doc. 17). Mr. Hancock's opinions will be based on generally accepted business valuation methods and the professional standards of the National

Association of Certified Valuators and Analysts, his education, training, and experience, and his review of the financial records of EMM, ICE, and HFR, including financial statements, general ledgers, intercompany accounts, tax returns, purchase agreements, closing statements, management agreements, real estate records, permit and licensing records, and related documents.

Mr. Hancock reserves the right to review any and all information developed in discovery, including reports, opinions, testimony, or other records created by or for any expert appearing for any party, and to amend or supplement his opinions as expressed in his report as such later discovered information may dictate. A copy of Mr. Hancock's curriculum vitae, list of publications, list of testimony, and statement of compensation will be served with Mr. Hancock's report.

## II.
## PLAINTIFF'S NON-RETAINED EXPERTS

The following persons are disclosed as expert witnesses who are not required to provide a written report pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. The disclosures below contain (1) the subject matter on which the expert is expected to present evidence, and (2) a summary of the facts and opinions to which the expert is expected to testify. A copy of each of the following experts' curriculum vitae are served herewith.

**RUDOLPH M. CULP**
Texas Probate Attorney, PLLC
24 Greenway Plaza, Suite 1825

Houston, Texas 77046
(713) 297-0700
rudy@texasprobateattorney.com

Mr. Culp will testify as an expert witness to the reasonableness of attorney's fees and expenses and the necessity of legal services incurred and performed by himself as well as other counsel on this case who have provided legal services in any and all capacities. Mr. Culp's opinion will be based on his education, training, experience, and the facts of this case including, but not limited to, the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. The likelihood that the acceptance of the particular employment will preclude another employment by the lawyer;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Mr. Culp will further testify regarding the fee agreement, the legal fees incurred, the calculation of fees, the expenses incurred, and the necessity and reasonableness of such fees and expenses. Such testimony will be based on his experience in handling the same or similar matters in and around the State of Texas, his years of experience practicing in the State of Texas, his review of the attorney's

fees and expense invoices produced in this proceeding, and the pleadings and evidence introduced in discovery.

Mr. Culp may also testify concerning the fees and expenses incurred by other parties and whether or not in his opinion said fees and expenses are reasonable and necessary. Such testimony will be based on his experience in handling the same or similar matters in and around the State of Texas.

**STACY L. KELLY**
Texas Probate Attorney, PLLC
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
(713) 297-0700
stacy@texasprobateattorney.com

Mrs. Kelly will testify as an expert witness as to the reasonableness of attorney's fees and expenses and the necessity of legal services incurred and performed by herself as well as other counsel on this case who have provided legal services in any and all capacities. Mrs. Kelly's opinion will be based on her education, training, experience, and the facts of this case including, but not limited to, the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. The likelihood that the acceptance of the particular employment will preclude another employment by the lawyer;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;

7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Mrs. Kelly will further testify regarding the fee agreement, the legal fees incurred, the calculation of fees, the expenses incurred, and the necessity and reasonableness of such fees and expenses. Such testimony will be based on her experience in handling the same or similar matters in and around the State of Texas, her years of experience practicing in the State of Texas, her review of the attorney's fees and expense invoices produced in this proceeding, and the pleadings and evidence introduced in discovery.

Mrs. Kelly may also testify concerning the fees and expenses incurred by other parties and whether or not in her opinion said fees and expenses are reasonable and necessary. Such testimony will be based on her experience in handling the same or similar matters in and around the State of Texas.

**PATRICK M. FLYNN**
1225 North Loop West, Suite 1000
Houston, Texas 77008
Phone: 713-861-6163
Fax: 713-961-5566
pat@pmfpc.com

Mr. Flynn will testify as an expert witness as to the reasonableness of attorney's fees and expenses and the necessity of legal services incurred and performed by himself as well as other counsel on this case who have provided legal

services in any and all capacities. Mr. Flynn's opinion will be based on his education, training, experience, and the facts of this case including, but not limited to, the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. The likelihood that the acceptance of the particular employment will preclude another employment by the lawyer;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Mr. Flynn will further testify regarding the fee agreement, the legal fees incurred, the calculation of fees, the expenses incurred, and the necessity and reasonableness of such fees and expenses. Such testimony will be based on his experience in handling the same or similar matters in and around the State of Texas, his years of experience practicing in the State of Texas and federal court, his review of the attorney's fees and expense invoices produced in this proceeding, and the pleadings and evidence introduced in discovery.

Mr. Flynn may also testify concerning the fees and expenses incurred by other parties and whether or not in his opinion said fees and expenses are reasonable and necessary. Such testimony will be based on his experience in handling the same or similar matters in and around the State of Texas.

Respectfully submitted,

EST. 2001
TEXAS PROBATE ATTORNEY PLLC

Collin Bullard

COLLIN J. BULLARD
State Bar No. 24129570
collin@texasprobateattorney.com
RUDOLPH M. CULP
State Bar No. 24043014
rudy@texsprobateattorney.com
STACY L. KELLY
State Bar No. 24010153
stacy@texasprobateattorney.com
BAILEY D. BOWE
State Bar No. 24142201
bailey@texasprobateattorney.com
***EFILE EMAIL:***
***efile@texasprobateattorney.com***
**HOUSTON OFFICE:**
24 Greenway Plaza, Suite 1825
Houston, Texas 77046
O: (713) 297-0700
F: (682) 428-8137
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record via the Court's CM/ECF electronic filing system on this the 15th day of October 2026.

RYAN O. CANTRELL
ryan.cantrell@chamberlainlaw.com
MARIAH J. KARIGAN
mariah.karigan@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
**Attorneys for Michelle Fontenot and Dallas Joseph Fontenot III**

JAMES D. PIERCE
jim@jamespierce.com
115 Guenther Street
Sugar Land, Texas 77478
**Attorney for Dakota Fontenot**

PAUL STEPHEN BEIK
paul@beiklaw.com
BEIK LAW FIRM, PLLC
440 Louisiana Street, Suite 1800
Houston, Texas 77002
**Attorney for Dakota Fontenot**

LLOYD EARL KELLEY
kelley@lloydekelley.com
THE KELLEY LAW FIRM
2726 Bissonnet, Ste. 240, PMB 12
Houston, Texas 77005
**Attorney for Madison Fontenot**

COLLIN J. BULLARD