United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA GOEHRS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2743 |
| | § | |
| MADISON FONTENOT, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

On June 30, 2026, the Court issued an Order (Document No. 14), which denied Intervenors' motion to remand this action to state court. However, the Court now believes it necessary to *sua sponte* reconsider its order.[1]

## I. BACKGROUND

This is a breach of fiduciary duty and trust mismanagement dispute. On August 21, 2025, Plaintiff Linda Goehrs ("Plaintiff"), acting as Temporary Trustee of the Holi Ann Hardin Trust No. 1 (the "Hardin Trust"), filed suit in Harris County Probate Court No. 1 against Defendant Dakota Fontenot ("Dakota"), one of three

[1] The Court notes that its prior order also denied Defendant Madison Fontenot's Motion to Transfer Venue to the District Court of the Virgin Islands Pursuant to 28 U.S.C. § 1404(a). The Court does not reconsider this ruling.

primary beneficiaries of the Hardin Trust.[2] Plaintiff alleges breach of fiduciary duty and seeks a declaratory judgment based on allegations that Dakota and his wife, Madison Fontenot ("Madison"), mismanaged and misappropriated assets belonging to the Hardin Trust. The remaining two primary beneficiaries of the Hardin Trust, Michelle Fontenot and Dallas Joseph Fontenot III (collectively referred to as "Intervenors"), subsequently intervened in this action.[3] On March 12, 2026, Intervenors amended their pleading and added Madison as a defendant, asserting fraudulent transfer claims against her.[4]

On March 13, 2026, the state court orally granted a temporary injunction against Dakota, while hearings were ongoing.[5] On April 7, 2026, during a subsequent hearing to modify the injunction, Madison filed a Notice of Removal with Dakota's consent.[6] Madison contended that complete diversity existed when she was added as a defendant because, by that time, she and Dakota had relocated to the U.S. Virgin

---

[2] *See Intervenors' Motion to Remand and Request for Costs and Fees,* Document No. 8, Exhibit 1 at 1 (*Plaintiff's Original Petition*).

[3] *See Intervenors' Motion to Remand and Request for Costs and Fees,* Document No. 8 at 4.

[4] *See Defendant Madison Fontenot's Response to Motion to Remand*, Document No. 12 at 2.

[5] *See Intervenors' Motion to Remand and Request for Costs and Fees,* Document No. 8 at 6.

[6] *See Notice of Removal*, Document No. 1 at 2.

Islands. On April 30, 2026, Intervenors filed a motion to remand.[7] On June 30, 2026, the Court entered an order denying the motion to remand.[8]

## II. STANDARD OF REVIEW

"[A]n order denying remand of a case removed to federal court is not a final order." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552 (5th Cir. 1981). Thus, a district court may revise such an interlocutory order, *sua sponte* or on a party's motion, at any time before entering final judgment. Fed. R. Civ. P. 54(b); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). In doing so, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc)).

Moreover, district courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper

---

[7] *See Intervenors' Motion to Remand and Request for Costs and Fees*, Document No. 8 at 1.

[8] *See Order Denying Defendant Madison Fontenot's Motion to Transfer and Intervenors' Motion to Remand and Request for Fees*, Document No. 14 at 1.

are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. LAW AND ANALYSIS

Intervenors moved to remand this case to state court, contending that removal was improper because complete diversity of citizenship did not exist when the action was filed on August 21, 2025, and that the post-filing change in Dakota's domicile cannot create diversity jurisdiction.[9] Madison contends that removal was proper under 28 U.S.C. § 1446(b)(3) because she "was joined for the first time by the Intervenors' March 12, 2026, pleading," and by then, "Dakota Fontenot had changed his domicile to the U.S. Virgin Islands, and complete diversity existed."[10] The Court will *sua sponte* reconsider, in turn, the arguments raised by the parties regarding remand to state court.

A defendant may remove a case to federal court if the federal court has subject-matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). In actions premised upon diversity of citizenship, subject-

---

[9] *See Intervenors' Motion to Remand and Request for Costs and Fees*, Document No. 8 at 8–9.

[10] *Defendant Madison Fontenot's Response to Motion to Remand*, Document No. 12 at 1.

matter jurisdiction is governed by the well-established time-of-filing rule, which dictates that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 22 U.S. 537, 539 (1824). "[A] party's post-filing change in citizenship" cannot "cure a lack of subject-matter jurisdiction that existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 568 (2004).

Here, Madison does not dispute that Dakota was domiciled in Texas on August 21, 2025, but argues that section 1446(b)(3) permits the Court to measure diversity as of her joinder rather than at the time of filing.[11] If the initial pleading was not removable, section 1446(b)(3) permits removal within 30 days after a defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). An independent review of the record shows that both Plaintiff and Dakota were domiciled in Harris County, Texas when this action was filed on August 21, 2025.[12] Intervenors' amended pleading, which added claims against Madison, did not first make it apparent that the case "is or has become removable." 28 U.S.C. § 1446(b)(3). A case "becomes" removable only when the

[11] [11] *See Defendant Madison Fontenot's Response to Motion to Remand*, Document No. 12 at 3-8.

[12] *See Intervenors' Motion to Remand and Request for Costs and Fees*, Document No. 8, Exhibit 3 at 4 (*Oral and Videotaped Deposition of Dakota James Fontenot*).

jurisdictional defect that existed at the time of filing is cured, as when a plaintiff voluntarily dismisses the nondiverse defendant. See *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547–49 (5th Cir. 1967) (explaining that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff"). Here, Intervenors took no voluntary act to eliminate the nondiverse defendant. Adding Madison as a defendant did not dismiss Dakota, so a nondiverse party remained. Dakota's post-filing relocation to the U.S. Virgin Islands does not change this analysis. *See Grupo Dataflux*, 541 U.S. at 574 ("[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." (quoting *Conolly v. Taylor*, 27 U.S. 556, 565 (1829))). A review of the record shows that complete diversity was lacking when this action was filed and this defect was never cured. Thus, the Court finds that the case has not become removable, and § 1446(b)(3) provides no basis for Madison's removal.

Additionally, Madison contends that *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), establishes that subject-matter jurisdiction exists so long as complete diversity exists before judgment, leaving only the question whether the removal complied with the statute's procedural requirements.[13] In *Caterpillar*, the Supreme

[13] *See Defendant Madison Fontenot's Response to Motion to Remand*, Document No. 12 at 7.

Court declined to vacate judgment in an improperly removed case because the nondiverse defendant was dismissed before trial, leaving "complete diversity, and therefore federal subject-matter jurisdiction, at the time of trial and judgment." 519 U.S. at 73. As *Grupo Dataflux* explained, "the jurisdictional defect [*Caterpillar*] addressed had been cured by the dismissal of the party that had destroyed diversity," a cure that "had long been an exception to the time-of-filing rule." 541 U.S. at 572. *Caterpillar*'s holding is "only that a statutory defect . . . did not require dismissal once there was no longer any jurisdictional defect." *Id.* at 574. Here, by contrast, no diversity-destroying party has been dismissed, and the jurisdictional defect that existed at the time of filing still exists. Accordingly, the Court finds that *Caterpillar* is distinguishable and does not render Madison's removal proper.

Having considered the motion, submissions, and applicable law, the Court finds that reconsideration of its interlocutory order denying remand is warranted under Rule 54(b). The Court further finds that complete diversity of citizenship, which is required to invoke the Court's diversity jurisdiction, is lacking. The Fifth Circuit is clear that "when a district court determines that it lacks subject matter jurisdiction over a removed case, it must remand." *Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 447 (5th Cir. 2023). Accordingly. the Court's prior order dated June 30, 2026, denying Intervenors' motion to remand should be vacated and the case should be remanded to the Harris County Probate Court No. 1.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that the Court's Order dated June 30, 2026 (Document No. 14) is **VACATED**. The Court further

**ORDERS** that Intervenors' Motion to Remand and Request for Costs and Fees (Document No. 8) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to remand. The motion is denied as to request for costs and fees.

This case is therefore **REMANDED** to Harris County Probate Court No. 1.[14]

SIGNED at Houston, Texas, on this 22 day of October, 2026.

DAVID HITTNER
United States District Judge

[14] Because the Motion to Remand is granted, the motions pending before this Court are now dismissed as moot.